HARTFORD SORGHUM MANUFACTURING COMPANY *v.* JOHN BRUSH, JR.

Under a contract between the plaintiff and defendant by the terms of which the defendant was to take a patent sugar evaporator of the plaintiff upon trial and pay for it if he liked it, the plaintiff to take it back if he did not like it ; *held* that in arriving at a determination whether to keep the article or not, the defendant was bound to bring to the trial of it honesty of purpose and judgment according to his capacity to ascertain his wishes, and was not necessarily bound to use the care and skill of ordinary persons in making the determination.

GENERAL ASSUMPSIT, to recover the price of a patent sugar evaporator. Plea, general issue, and trial by jury, September term, 1870, BARRETT, J., presiding.

The plaintiff's evidence tended to show that they by their agent, Chase, sold defendant the evaporator, on the condition that if it, when set and operated aacording to the company's printed directions on pages fourteen and fifteen of plaintiff's circular, failed to operate in accordance with the recommendations of the company contained on pages four and five of said circular, the defendant was not to keep and pay for it. If it did when so set and operated come up to said recommendations, the defendant was to pay plaintiff sixty dollars for it. The plaintiff at the time of said sale furnished defendant with a copy of said circular, and pointed out to him said directions and recommendations, which were read by the defendant, and which copy was produced by the defendant on the trial. Plaintiff's evidence further tended to show that defendant laid the foundation for the arch himself; that the foundation was not laid deep enough in the earth, and was so improperly built that the frost caused the arch to crack and settle in places, so that the evaporator was not and could not be kept level when in use; and that the mason who built the brick work of said arch informed defendant that the foundation was insufficient, before the brick were laid.

The defendant's testimony tended to show that he took the evaporator on trial; that if he liked it he was to pay for it; if he did not like it the plaintiff was to take it back. That he caused an arch to be constructed as he understood the plaintiff wanted it constructed, laying the foundation himself, and procured one Porter, a mason, to lay the brick work; and he put the evaporator to use; that he tried it himself the two first days of the sugar season; that he was not satisfied with the evaporator; that he was then taken sick, and for the remainder of the sugar season was unable to be in his sugar place; that he hired one Rice, who had had experience in making sugar, but none with evaporators of this kind; and that Rice, excepting the first two days, had charge of it; and he on cross-examination by the plaintiff testified that owing to settling of the arch, for two or

three days along about the middle of the sugar season he had trouble with it, by reason of not being level.

Defendant's evidence further tended to show that from what he learned of Rice, he did not like the evaporator; that he continued to use it during the sugar season and made twelve hundred pounds of sugar, boiling or evaporating most of the sap in this evaporator; that plaintiff's agent, Chase, with whom he made the arrangement for the evaporator, resided some five or six miles from him, and that he gave to him no notice of his dissatisfaction,—nor did it appear that they had met after the trade—and did not give any to the plaintiff until some time in the month of May or June following, when another agent of plaintiff's came for the pay, when he informed him he did not like it, and declined to pay for it; and wanted plaintiff to take it away, which he declined to do. Defendant and said Rice testified on cross-examination that defendant did not inform Rice of the company's directions for operating the evaporator, and did not furnish him with the circular containing them, which circular the defendant then had in his possession. It did not appear that Rice asked for the printed directions, nor was there evidence tending to show that defendant purposed to keep him in ignorance.

The plaintiff introduced several witnesses who testified that they purchased of plaintiff and used evaporators of same number, size and quality, and that they fully answered the representations contained in the company's said circular, pages four and five. No attempt was made to contradict said witnesses; and defendant offered no evidence to show that plaintiff's evaporators did not answer plaintiff's recommendations, other than what related to the one he had. There was no evidence in the case as to the length of time the defendant was to have to try the evaporator.

The plaintiff claimed in argument, and requested the court to charge, that if the contract was as defendant claimed it to be, the defendant was bound to give the evaporator a fair trial; that he was bound to use ordinary care and skill in view of all the circumstances and of the directions contained in said circular.

The court charged the jury that if they found the contract as the plaintiff claimed it, the plaintiff was entitled to recover. That

if they found the contract as defendant claimed it was, the dissatisfaction that would entitle him to return the evaporator without paying for it must have been a reasonable dissatisfaction, not capricious, not mercenary, not resulting from a design to be dissatisfied however the evaporator might operate while in his hands ; that in taking the machine it was the defendant's duty to act honestly, and it was his duty to act honestly in constructing his arch, and in the management of the machine himself till he was taken sick, and in procuring Rice to run it, and in whatever affected its operation. If the defendant acted thus honestly and in good faith, and, as he was bound to do, gave the machine a fair trial, having reference to his capacity and faculty, and did not like it, without being actuated in this respect by wanton, capricious or mercenary motives, he was not bound to pay for it. As to all other features of the case the court charged the jury fully and no exception was taken. Verdict for defendant.

To the omission of the court to charge as requested, and to the part of the charge above set forth, the plaintiff excepted.

——————, for the plaintiff.

*C. E. Arnold* and *C. N. Davenport*, for the defendant.

The opinion of the court was delivered by

WHEELER, J. This is an action founded upon contract. The jury have found a contract between the plaintiff and the defendant, by the terms of which the defendant was to take an evaporator of the plaintiff upon trial, and pay for it if he liked it, the plaintiff to take it back if he did not like it. The plaintiff cannot recover except for a breach of the contract. He only seeks to recover for such a breach as would entitle him to recover the price of the evaporator.

The trial upon which the defendant took the evaporator was to be had for the purpose of ascertaining whether the defendant liked it or not, and not for the purpose of ascertaining whether it was equal to the plaintiff's recommendations of it or not. The trial was to be had solely with reference to the defendant's wishes in

respect to the machine for such uses as he might find he could make of it and not with any reference to any usefulness of it for other persons. To this trial the defendant was bound to bring honesty of purpose ; anything short of that would not determine his wishes, fairly, but only his willful caprice or his dishonorable design. To it he was not bound to bring any more capacity or judgment than he had, for he was only to ascertain his own wishes, and these could be measured by no judgment or capacity but his own. He was not to determine what would be the wishes of ordinary persons under like circumstances, and therefore was not bound to use the care and skill of ordinary persons in making the determination. His duty to the evaporator, as custodian of it, is not now here in question, but only his duty and liability under the contract concerning it. This duty was the trial of it, and payment for it, if on trial of it he liked it. To the trial the charge of the court required him to bring honesty of purpose and judgment according to his capacity to ascertain his own wishes, and refused to require the care and skill of ordinary persons in making that determination. This seems to have been correct.

Judgment affirmed.

