# COUNTY OF ADDISON,

##### AT THE

## JANUARY TERM, 1877.

PRESENT :

HON. JAMES BARRETT,
HON. HOYT H. WHEELER,
HON. TIMOTHY P. REDFIELD, } ASSISTANT JUDGES.
HON. H. HENRY POWERS,

---

## DAGGETT & GRAVES *v.* JOHNSON.

*Extrinsic Evidence to Vary Written Contract.   Sale upon Approval.*

A written contract having no latent ambiguity, can neither be qualified nor controlled, enlarged nor diminished, by evidence of a contemporaneous parol understanding. Thus, where defendant addressed plaintiffs by writing signed by him and plaintiffs' agent, requesting them to send him a set of patent milk-pans, and saying, "I agree to pay you * * * if satisfied with the pans," it was *held* that evidence of an agreement between defendant and said agent as to the manner in which the pans should be tested, entered into at the time the written contract was drawn, and as part of the same agreement, was inadmissible.

If one orders goods, agreeing to pay if satisfied therewith, he must, in ascertaining whether he is satisfied or not, act honestly, and in accordance with the reasonable expectations of the seller as implied from the contract—its subject-matter and surrounding circumstances. His dissatisfaction must be real and not pretended, to be available as a defence to an action for the contract price.

44

GENERAL ASSUMPSIT for the price of a quantity of milk-pans, appealed from the judgment of a justice of the peace, and tried by the court, at the December Term, 1876, PIERPOINT, C. J., presiding.

The plaintiffs introduced in evidence, and sought to recover upon, a written contract of the following tenor:

SHREWSBURY, Vt., April 10, 1875.

Messrs. Daggett & Graves: You will please send me on the 20th day of April, one set of Jewett's Patent Milk-Pans, for 15 cows (capacity 30 U. S. gallons), for which I agree to pay you as follows: $80, if satisfied with the pans. I will pay you the first of July, with 5 per cent. off. The above sum includes all the fixtures, the tables and water tank, delivered on the cars at Vergennes, Vt.                                        R. W. JOHNSON

Mrs. J. P. Gibson, Agent.

It appeared that the contract was negotiated by Mrs. Gibson, who was the plaintiffs' agent; that the pans were delivered by plaintiffs, and duly received by the defendant, who used them like ordinary pans, until the first week in June, and then notified plaintiffs to take them away, and refused to pay for them. Plaintiffs offered parol testimony tending to show the form, construction, and superior size of the pans, and the manner of their use, and particularly, that they were so made as to be used with running water about them, to graduate the temperature of the milk; that in the appliances for that purpose, consisted their excellence, and that at the time the contract was made, all those things were explained to defendant; that it was then agreed that defendant might use the pans without water until it could be brought into his milk-room, considering such use as no test, but that he should use them thirty or sixty days with water, after which, if he should be dissatisfied, plaintiffs would remove them at their own expense. Defendant claimed that parol testimony should not be admitted to enlarge or vary the written contract, or to show the test that should have been made, and that upon that contract he had a right to return the pans if not satisfied with them upon any trial he was pleased to make, or upon the trial that he did make. But the court ruled that defendant had no right, it being conceded that there was no objection to the construction of the pans, to say,

arbitrarily and without cause, that he was dissatisfied, and would not keep and pay for the pans ; that the contract contemplated a test of the pans in the manner indicated by the understanding of the parties and the construction of the articles themselves ; and that " parol testimony was admissible to show the form of the articles, the manner of their use, and the understanding of the parties in respect thereto at the time the contract was made." To that ruling defendant excepted.

Defendant's evidence tended to show that it was agreed that if he was dissatisfied with the pans at any time, plaintiffs' agent should take them away, whether they had been used with water or not. The court found from all the evidence that the contract as to the trial to be made of the pans was as plaintiffs' evidence tended to show ; that if the pans had been set as contemplated, they would have answered the recommendation made of them, and the expectation of the parties ; and that plaintiffs were entitled to recover the contract price thereof, and rendered judgment accordingly ; to which defendant excepted.

*Dunton & Veazey*, for defendant, cited *Groot* v. *Story*, 44 Vt. 200 ; *Provost* v. *Harwood*, 29 Vt. 219 ; *Whitcomb* v. *Gilman*, 35 Vt. 297 ; *Manufacturing Co.* v. *Brush*, 43 Vt. 528.

*G. W. Grandey*, for plaintiffs.

The opinion of the court was delivered by

REDFIELD, J. This action is general assumpsit to recover the price of a quantity of milk-pans. In this form of action, there must have been an absolute and completed sale. The contract was negotiated by Mrs. Gibson, agent of the plaintiffs, and reduced to writing, and signed by defendant. The contract is in these words :

SHREWSBURY, April 10, 1875.

Messrs. Daggett & Graves :—You will please send me on the 20th day of April, one set of Jewett's Patent Milk-Pans for 15 cows (capacity 30 U. S. gallons), for which I agree to pay you as follows : $80, if satisfied with the pans. I will pay the first of

July, with 5 per cent. off. The above sum includes all the fix-tures, the tables and water tank, delivered on the cars at Ver-gennes, Vt. R. W. JOHNSON.
Mrs. J. P. Gibson, agent.

The plaintiffs accepted the order and delivered the pans. The defendant received the pans and used them like ordinary pans until the first week in June, and then notified the plaintiffs to take them away, and refused to pay for them. The court received parol testimony, against defendant's objection, " to show the form of the articles, the manner of their use, and the *understanding of the parties in respect thereto at the time the contract was made.*" This is clearly a written *contract*, and possesses no latent ambigu-ity ; and by a well-settled rule of law, cannot be qualified, con-trolled, enlarged, nor diminished by any contemporaneous parol understanding. The admission of the talk and understanding of the parties at the time the written contract was made and de-livered, we think was error. The law presumes that all the talk in the negotiation deemed essential, is included in the written consummation of the contract.

The construction of the pans and their appendages, and the manner of their use as indicated by the construction, are all mat-ters proper to be considered in determining whether the defendant has done all that the contract required of him ; but no contempo-raneous parol agreement can be permitted to modify or supplant the written contract.

The contract of the defendant requested plaintiffs to deliver the pans to the defendant, and he agreed to pay them therefor $80 on the first of July, "*if satisfied with the pans.*" We think the ruling of the court, that the defendant had no right to say, arbi-trarily and without cause, that he was dissatisfied, and would not pay for the pans, was sensible and sound. The pans were made with appliances to graduate the temperature of the milk by run-ning water ; and in that, consisted their excellence. Without these, they were like other pans, save their greater capacity. All this the defendant well knew. If a man orders a garment made of given material and fashion, and promises to pay if satisfied, he cannot say that the garment, in material and manufacture, is

Daggett et al. *v.* Johnson.

according to the order, and yet refuse to test the fit or pay for it. He must act honestly, and in accordance with the reasonable expectations of the seller, as implied from the contract, its subject-matter and surrounding circumstances. His dissatisfaction must be actual, not feigned ; real, not merely pretended. *Manufacturing Co.* v. *Brush*, 43 Vt. 528. As some portion of the testimony upon which the facts were found by the court below was erroneously received, judgment is reversed, and the cause remanded.