## ALLEN vs. KENNEDY.

*May 15 — May 27, 1880.*

PARTIES PLAINTIFF: FRAUD: EVIDENCE. *(1) Mortgagee for another's benefit may sue in his own name. (2) Certain facts held not to show fraud in law. (3) Failing debtor may secure one of several creditors.*

1. One who takes a mortgage of chattels in his own name, but in fact for the benefit of another, may maintain replevin for such chattels in his own name, without joining such other person. R. S., sec. 2607.

2. Before the delivery of a chattel mortgage, the mortgagee agreed that certain property therein named should be omitted from the mortgage, because the mortgagors were found to be under a contract obligation to sell and deliver it to another person; by mistake the instrument was delivered without making the agreed change; but the mortgagors, without objection on the part of the mortgagee, delivered the property to such other person. *Held,* not a fraud in law as against other creditors. *Blakeslee v. Rossman,* 43 Wis., 116, distinguished.

3. The fact that when a mortgage of chattels was given to secure a single creditor, the mortgagor was in failing circumstances, and pressed by other creditors, while it may be considered by the jury, with other circumstances, in determining the question of fraudulent intention, is not in itself conclusive of fraud.

APPEAL from the Circuit Court for *Iowa* County.

Action to recover possession of certain personal property seized by the defendant, the sheriff of Iowa county, by virtue of a writ of attachment issued at the suit of one Moffett against Ann Cork and her two sons, Fred and Joseph. The plaintiff claims the property by virtue of a chattel mortgage thereon, executed to him in January, 1878, by said Corks, to secure a debt. The mortgage was duly filed in the proper office. The case is further stated in the opinion. The plaintiff had a verdict, and judgment was entered in accordance therewith; from which the defendant appealed.

Brief for the appellant by *Wilson & McIlhon,* and oral argument by *Alexander Wilson.*

*Archibald McArthur,* for the respondent.

Lyon, J.   1.  A defect of parties plaintiff is alleged in the answer, and it is claimed on behalf of the defendant that such defect was proved on the trial.   The first error assigned is the refusal of the court to nonsuit the plaintiff for that reason.

The established facts are, that the plaintiff and one Toay were partners in trade for several years.   Toay died in 1867 or 1868, and the plaintiff continued the business as before, but in his own name, for the benefit of himself and the estate of Toay, until after the chattel mortgage in question was executed. This was done at the request of the administrator of the estate, and all parties interested.   While the business was so being conducted, the mortgagors contracted the debt which the mortgage was given to secure.   Hence the heirs or administrator of Toay had an interest in such mortgage.   It is very clear, however, that their interest was not such as to render them indispensable parties to this suit.   If we correctly understand the significance of that term, the plaintiff is the trustee of an express trust in respect to the mortgage.   The legal title to the mortgaged property is in him alone, and he is the proper and only necessary party plaintiff to the action.   " An executor or administrator, a trustee of an express trust, or a person expressly authorized by statute, may sue without joining with him the person for whose benefit the action is prosecuted.   A trustee of an express trust, within the meaning of this section, shall be construed to include a person with whom or in whose name a contract is made for the benefit of another."   R. S., 714, sec. 2607.   The nonsuit was properly denied.

2.  The remaining errors alleged relate to the instructions given to the jury, and the refusal of the court to give certain other instructions prayed on behalf of the defendant.

As we understand the evidence, the undisputed facts in the case, to which those instructions relate, are as follows:   The mortgage was given to secure a *bona fide* indebtedness of the mortgagors to the plaintiff, to the amount specified in the mortgage.   The debt was presently due, and the mortgagors were

unable to pay it promptly. They proposed to secure it, and the plaintiff accepted the proposition and agreed to extend the time for payment. One of the mortgagors procured the mortgage to be drawn, and, before it was fully executed, showed it, or a list of the property included in it, to the plaintiff. It contained an item of 100 bushels of flax seed. The mortgagors had previously made a contract to sell all the flax seed they raised that year (which included the 100 bushels) to one Penhallegan, and the latter had made advances to them on account of the contract. They delivered all but the 100 bushels, but ascertained, before the mortgage was delivered, that the advances made by Penhallegan exceeded the price of the quantity of seed so delivered. Thereupon, one of the mortgagors applied to the plaintiff for his consent to have the flax seed omitted from the mortgage, and the plaintiff consented thereto. The mortgage was afterwards delivered to the plaintiff, but the item of flax seed was not stricken therefrom. The plaintiff supposed, however, that it was stricken out, and never claimed or supposed that his mortgage covered it. Soon after, and before the attachment was levied, the mortgagors delivered the seed to Penhallegan as they had previously agreed to do.

The circuit court refused to give two instructions asked on behalf of the defendant. One of these is to the effect that if plaintiff gave the mortgagors permission to sell the flax seed and use the proceeds, it was a fraud in law, which invalidated the mortgage and entitled the defendant to a verdict. Most assuredly this case is not within the rule of *Blakeslee v. Rossman*, 43 Wis., 116, which is relied upon to sustain the proposed instruction. In that case an agreement was made by the parties to the mortgage, contemporaneous with it, and which was in law a part of the mortgage, which left one-half the mortgaged property to the absolute disposal of the mortgagor, to his own use. This was held a fraud in law which vitiated the mortgage. The distinction between this case and *Blakeslee v.*

*Rossman* is very obvious. Here, the most that can be charged upon the plaintiff was negligence in not seeing to it that the item of flax seed was stricken from the mortgage, instead of trusting the mortgagors to have it done. In the other case there was an express, deliberate agreement, the execution of which could not fail to be a gross fraud upon other creditors.

The other instruction refused is to the effect that if the mortgagors were in failing circumstances, and were being pressed by any of their creditors, when they gave the mortgage, it is void, and the jury must find for the defendant. This proposed instruction does not contain a correct statement of the law, and was therefore properly refused. The fact that a mortgagor is in failing circumstances and pressed by his creditors, when he gives a mortgage, does not necessarily invalidate the mortgage. A man thus circumstanced may give valid securities to a single creditor out of many. Of course, these circumstances, when they exist, are to be considered by the jury, in connection with other circumstances, in determining whether the security was or was not given in good faith and without any fraudulent intention; but they are not conclusive evidence of fraud, as the proposed instruction assumes. We think, in the instructions given, the court fairly submitted the question of the *bona fides* of the mortgage to the jury. We discover no error in the instructions. It is deemed unnecessary to state them in detail.

The evidence presents a case singularly free from indications of fraud; and had the court directed a verdict for the plaintiff, probably we should hesitate to disturb the judgment.

*By the Court.*— Judgment affirmed.