THE EXHAUST VENTILATOR COMPANY, Appellant, vs. THE CHICAGO, MILWAUKEE & ST. PAUL RAILWAY COMPANY, Respondent.

*April 7 — May 15, 1886.*

*Sale of chattels to be paid for if satisfactory.*

1. Where machinery is guaranteed to do certain work in a satisfactory manner, and is not to be paid for until satisfactory to the purchaser, if it is, in good faith, unsatisfactory to him, and he notifies the vendor of that fact within a reasonable time, there is no sale.
2. *Per* ORTON, J. *It seems* that if the guaranty is conditional upon certain tests or trials to be made by the purchaser, he is bound to make such tests before refusing to accept the machinery.

APPEAL from the County Court of *Milwaukee* County. The case is stated in the opinion.

For the appellant there were separate briefs by *Frank M. Hoyt*, attorney, and *D. H. Johnson*, of counsel, and oral argument by *Mr. Hoyt*.

For the respondent there was a brief by *John W. Cary*, attorney, and *Burton Hanson*, of counsel, and oral argument by *Mr. Hanson*.

ORTON, J. The complaint sets out a contract as follows: The plaintiff agreed, in consideration of $600, to sell and deliver to the defendant three 60-inch Blackman's exhaust fans, for the blacksmith shops of the defendant in South Minneapolis, in the state of Minnesota; and agreed, in consideration aforesaid, that said fans would exhaust the smoke and gases in a satisfactory manner; and that if said three fans would not exhaust the said smoke and gases in a satisfactory manner, then the said plaintiff, upon demand and notice, would furnish a sufficient number of said fans to do the said work without extra charge; and the said fans were not to be paid for by said defendant until they were entirely satisfactory to the said defendant. And it was further agreed that said defendant should set up said fans in a proper place in said shops, connect them with power, and run them at a proper rate of speed, according to size and location, and with driving power of sufficient strength at all times. The complaint sets out the breach as follows: The plaintiff, in pursuance of said agreement, delivered said three fans to the defendant at Chicago, Illinois, and the defendant immediately transported them to Minneapolis, over its railway, where they remain in possession of the defendant; that the said defendant did not and would not set said three fans, or any or either of them, running at or in its said shops at Minneapolis, and never tried or tested the same in their said shops, as it was their duty, within a

reasonable time, to have done, but refused to set the same, or either of them, running or at work in their shops; that said fans, if properly set and operated in said defendant's shop, would have exhausted the smoke and gases therefrom in a satisfactory manner to said defendant; that said defendant retained said fans in its possession, and never gave the plaintiff notice to furnish, and never requested the plaintiff to furnish, any other or further number of fans for the doing of the work mentioned in the contract; that the plaintiff requested the defendant to test and try said fans in that way, or pay said $600, and the defendant refused to do either, and stated that said fans, by any kind of trial, could not be made to exhaust the smoke and gases from said shops in a satisfactory manner, and that, therefore, it would not set up or try said fans, or pay for the same, and it has had a reasonable time to do so; that said fans were all well made, perfect in their construction and workmanship, and in all respects the kind of fans called for and described in the contract.

The answer sets up the following as the contract referred to in the complaint:

"I agree to furnish *C., M. & St. P. Ry. Co.* three 60-inch Blackman's exhaust fans for their blacksmith shop in South Minneapolis for the sum of $600, and guaranty that they will exhaust the smoke and gases in a satisfactory manner. If not, we will furnish a sufficient number to do the work without extra charge. The same not to be paid for until satisfactory to the *C., M. & St. P. Ry. Co.*

[Signed]                    "THOMAS PHILLIPS, Agent.

"Accepted.   J. T. CLARK, Gen'l Supt. C., M. & St. P. Ry."

The answer avers that the fans were delivered, and that thereupon the defendent made investigation into the merits and workings of said fans for the purpose of ascertaining and becoming satisfied whether or not said fans would exhaust the smoke and gases from the blacksmith shop at

Exhaust Ventilator Co. vs. Chicago, Milwaukee & St. Paul R. Co.

South Minneapolis in a satisfactory manner, which was the only purpose for which the defendant wanted or could use said fans; and that upon such investigation it was informed, and it became entirely satisfied, that said fans could not be made or used in its shops to exhaust the smoke and gases therefrom in a satisfactory manner; and thereupon it notified said plaintiff that said fans were not satisfactory to said defendant, and that they could not be made to exhaust the smoke and gases from said shops in a satisfactory manner, and that, therefore, it, said defendant, would not receive, set up, or pay for said fans. There is a denial of each and every allegation of the complaint not admitted. From the order overruling a general demurrer to the answer this appeal is taken.

The pleadings are so fully stated in order to show the essential difference between the complaint and the answer, and the agreements set up therein. The only question is whether, conceding the agreement to have been as set up in the answer, and to have been declared upon with proper averments, the answer sets up a good defense. This appears like an awkward way of treating a demurrer to an answer. The answer really sets up a new cause of action not stated in the complaint, and then answers it. The answer scarcely relates to the complaint, except as a denial of its allegations of a certain agreement, its performance by the plaintiff, and its breach by the defendant. In strictness of pleading, the answer would have been sufficient as a denial of all such allegations, without setting up another contract not sued upon, and to that extent it is a sufficient answer, and not liable to demurrer, and therefore the demurrer was properly overruled. But the learned counsel on both sides have treated the agreement set out in the answer as the one declared upon, and the other averments in the answer as a defense to such a complaint, and in their arguments and briefs the above question, although informal,

is the only one considered. We shall therefore decide the question whether the answer sets up a good defense to such a complaint.

The complaint alleges "that it was agreed that the defendant should set up said fans in a proper place in said shops, connect them with power, and run them at a proper rate of speed, according to size and location, and with driving power of sufficient strength at all times." There is a warranty that "they [the fans] will exhaust the smoke and gases in a satisfactory manner." If this is a warranty, and this language would seem to mean nothing less, it should be construed strictly, and the above clause in the agreement would seem to make it conditional upon the test and trial therein agreed to be made. The "satisfactory manner" in which they are warranted to work must be determined by such tests, and in no other way. Such is the agreement of the parties, and would appear to be as binding as any other part of the contract. The defendant may have the right to insist that they shall work in a manner satisfactory to himself, and may determine whether they will so work for himself, but he must make that determination only upon and after the test and trial provided for in the agreement. This would seem to be the doctrine of the authorities as well as of reason.

In *Manny v. Glendinning*, 15 Wis. 50, the language of the contract, by some testimony, was that the purchaser "*should take the reaper home, and try it,* and if it did not do good work he should bring it back." Mr. Justice PAINE says in the opinion: "The substantial meaning of the contract in either form was that the vendor warranted the reaper, *when properly put together and managed,* would work as stated, and that if it did not, or would not, which is the same thing, it might be returned."

In *Hartford S. M. Co. v. Brush*, 43 Vt. 528, the contract provided for the trial of the evaporator in a particular way,

and circulars were furnished as directions. The court said: "The trial upon which the defendant took the evaporator was to be had for the purpose of ascertaining whether the defendant *liked it or not*, and not for the purpose of ascertaining whether it was equal to the plaintiff's recommendations of it or not. . . . To this trial the defendant was bound to bring honesty of purpose. Anything short of that would not determine his wishes fairly, but only his wilful caprice or dishonorable design."

In *Daggett v. Johnson*, 49 Vt. 345, there was a parol agreement, contemporaneous with the written one, that the buyer was to try and test the milk-pans in a particular way. It was held not competent to prove such parol agreement varying the written one. It was in effect held, however, that if such test had been provided for in the written agreement it must have been made, and that, from the peculiar construction of the milk-pans, such test might have been contemplated by the parties, and that "he [the buyer] must act honestly and in accordance with the reasonable expectations of the seller, as implied from the contract, its subject matter, and surrounding circumstances." The court illustrated the principle by saying: "If a man orders a garment made of given material and fashion, and promises to pay *if satisfied*, he cannot say that the garment, in material and manufacture, is [not] according to the order, and yet refuse to test the fit or pay for it."

In the above case the agreement was to pay "*if satisfied with the pans,*" and very like this case, according to the complaint. According to the agreement set out in the complaint, the parties fixed the test and trial by which the defendant should be satisfied or dissatisfied with the *working* of the fans, and I can see no reason why the plaintiff may not insist upon the particular test and trial provided for. The fans were procured for the blacksmith shop of the defendant, in South Minneapolis, and their trial was to

be made there, and nowhere else. There may have been good reasons for their trial there, and in that manner, by reason of the building, its height, and dimensions, and the amount of smoke and gases to be exhausted therefrom, its location in respect to its surroundings, climate, and atmospheric conditions, and other considerations. At last, however, the sale depends upon the *mental* condition or operation of the defendant as satisfied or dissatisfied with the manner in which the fans worked, not generally or anywhere, but in that particular shop. The plaintiff is subject to such condition or operation of the mind of the defendant only when induced or caused by the test prescribed, otherwise they might be feigned, capricious, or mercenary.

So far the case has been considered in reference to the agreement set out in the complaint, and the defense to the action as stated by the complaint set up in the answer. The answer does not state that the defendant became satisfied that the fans would not work in a satisfactory manner in the shop at South Minneapolis, from any trial of them there, but from mere "investigation." The answer, therefore, in that respect, fails to state a good defense to the complaint, except as a denial of the agreement stated therein. I am in doubt whether it was proper to pass upon the merits of the answer in its application to the agreement set out in the complaint, inasmuch as the learned counsel did not treat the case in that view, and the answer sets out what is claimed by the defendant to be the real agreement, and the defense applicable thereto, and is silent in respect to the above clause found in the agreement set out in the complaint and not contained in the answer. The question stated in the respondent's brief, as the only one involved in this appeal, is as follows: "The appellant claims that, under the contract set out in the *answer*, it was the duty of the respondent to set up, in its blacksmith shop at South Minneapolis, the identical fans mentioned in the contract," etc.

" The respondent contends that it was not necessarily bound " to do so. And it is further stated in respondent's brief " that the allegation that the respondent agreed to set up the fans in its shop at Minneapolis is denied by the answer." This was clearly the only question argued and submitted in this court, and will be the only question authoritatively decided by the court. If, on the trial, the agreement set out in the complaint shall be proved to have been the one actually made, the above may be regarded as an intimation merely, made by the writer of this opinion, that in such case the answer does not state a defense in that respect.

On the real question submitted, we are satisfied that the answer does state a defense, and that the demurrer was properly overruled. There is no agreement that the fans shall be tried or tested in any particular way or tried or tested at all. The answer states that the defendant made investigation into the merits and workings of said fans for the purpose of ascertaining and becoming satisfied whether or not the fans would exhaust the smoke and gases from the blacksmith shop at South Minneapolis in a satisfactory manner, and that upon such investigation it was informed and became entirely satisfied that they could not be made or used in its said shop to exhaust the smoke and gases therefrom in a satisfactory manner; and the defendant notified the plaintiff that they were not satisfactory to said defendant, and that they could not be made to exhaust the smoke and gases from said shops in a satisfactory manner. These allegations most clearly show that the fans would not exhaust the smoke and gases in a satisfactory manner, and that they were not satisfactory to the defendant.

We think the true rule in such a case is that if the fans are not honestly and in good faith satisfactory to the defendant, and the defendant notified the plaintiff of that fact in a reasonable time, then and in that case there had been

no sale, and the defendant is not liable for the price. Many respectable authorities hold that such a sale is strictly *illusory*, and the property passes only at the option of the buyer. But we think the more reasonable rule is the one above laid down, and is supported by better authority.

A recent case in the circuit court of the United States for the district of California, of *Silsby M. Co. v. Town of Chico*, 24 Fed. Rep. 893, was closely analogous to this case. The steam-engine was sold "if satisfactory" to the buyer. It was held, by SAWYER, J., that where, under a contract, an article is made and delivered which shall be satisfactory to the purchaser, *it must in fact be satisfactory* to him, or he is not bound to take it. But where the purchaser is in fact satisfied, but fraudulently and in bad faith declares that he is not satisfied, the contract has been fully performed by the vendor, and the purchaser is bound to accept the article.

In *Hartford S. M. Co. v. Brush, supra*, the evaporator was sold if the purchaser *liked it*, otherwise not. The court said: " The dissatisfaction that would entitle him to return the evaporator without paying for it must have been a reasonable dissatisfaction,— not capricious, not mercenary, not resulting from a design to be dissatisfied however the evaporator might operate while in his hands. It was his duty to act honestly," etc.

In *Daggett v. Johnson, supra*, the agreement was to pay *if satisfied with the pans*. Judge REDFIELD said: " His dissatisfaction must be *actual*, not feigned; *real*, not merely pretended."

In *Gray v. Central R. Co.* 11 Hun, 70, the agreement was to purchase a steamboat, *if satisfied* with the soundness of her machinery, etc. It was held that the question was whether the purchaser was actually satisfied, and not whether he ought to have been.

Indeed, to such import are really all of the authorities, which hold simply that to be dissatisfied in such a case is

sufficient reason to refuse the purchase; for to be dissatisfied is a fact, and must be a verity, and not a pretext. It is not "I will not accept it,— will not have it," — but "It is not *satisfactory*," or " I am really and honestly dissatisfied with it." This is implied in the very statement of the principle. *Wood R. & M. M. Co. v. Smith*, 50 Mich. 570; *Pierce v. Cooley*, 23 N. W. Rep. 310; *Goodrich v. Van Nortwick*, 43 Ill. 445; *McCarren v. McNulty*, 7 Gray, 139; *Zaleski v. Clark*, 44 Conn. 218; *Southern v. Cunningham*, 11 Rich. Law, 533; *Brown v. Foster*, 113 Mass. 136; *Gibson v. Cranage*, 39 Mich. 49; *Hallidie v. Sutter St. R. Co.* 63 Cal. 575; *Heron v. Davis*, 3 Bosw. 336; *Hoffman v. Gallaher*, 6 Daly, 42.

We think that the answer sufficiently shows that the defendant was honestly and in good faith dissatisfied with the fans, and with the manner in which they worked, and that they were not satisfactory to the defendant in fact; and that, if it shall so appear in evidence on the trial, it will be a good defense to the action on the contract set out in the answer. The county court properly overruled the demurrer to the answer.

*By the Court.*— The order of the county court is affirmed, and the cause remanded for further proceedings according to law.