Chicago Coffin Company, Appellant, vs. Maxwell, Garnishee, etc., Respondent.

*November 23 — December 13, 1887.*

*Voluntary assignment: Chattel mortgage: Fraudulent conveyance.*

1. In consideration of an extension of time for the payment of certain of their debts, the defendants executed a chattel mortgage of a portion of their property to the attorney of the creditors holding such claims, in trust for the payment thereof. The mortgagors were insolvent at the time, but hoped by procuring such extension to be able to continue business, ·and the mortgagee did not know of such insolvency or that the mortgagors owed other debts. The mortgagee did not take possession of the property, but afterwards joined with the mortgagors in a sale thereof, and received the proceeds to apply upon his mortgage. *Held,* that the transaction did not amount to an assignment for the benefit of creditors, within the meaning of sec. 1694, R. S. *Winner v. Hoyt,* 66 Wis. 227, distinguished.
2. A mortgage of property exempt from execution, given to secure the payment of debts, is not fraudulent as to other creditors.

Chicago Coffin Co. vs. Maxwell, Garnishee, etc.

APPEAL from the Circuit Court for *Columbia* County.

Garnishment. The garnishee, an attorney at law, had in his hands for collection several claims against the defendants, amounting to $546.53. On June 14, 1886, pursuant to an agreement by which the time for payment of such claims was to be extended for six months, the defendants executed to him, in trust for the several creditors whose claims he so held, a note for $546.53, payable on or before six months after date, and a chattel mortgage of a large portion of their stock in trade.

This action was commenced June 22, 1886, by a creditor whose claim was not secured by the mortgage. At that time the defendants were still in possession of the mortgaged property. In September, 1886, the property was sold to third parties for $325, the mortgagee joining in the sale and receiving the proceeds thereof to apply upon the mortgage. Other facts are stated in the opinion.

The plaintiff appeals from a judgment in favor of the garnishee dismissing the garnishment proceedings.

*E. V. Briesen,* attorney, and *F. W. Hall,* of counsel, for the appellant.

For the respondent there was a brief signed by *Chas. L. Dering* and *John S. Maxwell, in pro. per.,* and the cause was argued orally by *Mr. Maxwell.*

ORTON, J. The action was commenced before a justice, and a garnishee summons served upon said respondent. The respondent, as such garnishee, answered that he held certain property of the defendants as mortgagee, in trust for certain creditors, and issue having been joined on said answer, and upon the trial thereof, judgment was rendered in the original action against said defendants and in favor of said respondent as such garnishee. On appeal, in the circuit court, the said respondent, as such garnishee, testified that he held certain property of the defendants by a

chattel mortgage, in trust for certain creditors of said defendants named therein, to secure the payment of a note drawn to him by the defendants, embracing all of said claims, but extending the time of payment thereof for six months from the date of said mortgage. Afterwards two. mortgages were given by said defendants upon an undivided half of some of said property to secure one of said creditors and another creditor, but that is immaterial to this case. The evidence tended to show that the mortgage to said garnishee did not cover all of the property of the defendants, and also tended to show, and the circuit court found, that the defendants were insolvent when said mortgage was given, but that it was "a matter of some doubt whether they fully understood their situation, and that they expected, by procuring the extension that they did upon the debts which the said chattel mortgage was given to secure, to be able to continue business," and also that the respondent did not know that said defendants were insolvent or owed other debts. It was further found, and so proved, that the respondent did not take possession of the property, but joined in a sale of it with the defendants for the sum of $325, and received the same and applied it upon said mortgage. It appears that the property of the defendants not embraced in the mortgage was of no great value, but that which was mortgaged was of less value than the defendants would have been entitled to claim as their exemptions, so that it was not a very great matter any way. The accounts outstanding were only about $25, and the other debts were few and of small amounts, and the plaintiff's claim was within the jurisdiction of a justice of the peace.

The circuit court found, as conclusions of law, that the respondent was not indebted to the defendants and had no property in his possession or under his control belonging to them, or, in short, that said chattel mortgage was valid,

and that is the main question on this appeal. The preliminary exceptions to the refusal to admit evidence as to what the respondent did with the money received by him on the sale of the property, are not much insisted upon, and the evidence would seem to be immaterial to the main questions in the case, involving the validity of the mortgage. It is sufficient to such end that the respondent received the money. He must be presumed to have discharged his trust and paid it over to the creditors whom he represented as trustee in the mortgage, and if he did not, then such creditors cannot be presumed to have assented to his withholding it or paying it back to the mortgagors, and there was no proof of such assent.

On the main question, it is claimed — *First*, that the chattel mortgage was in fact and in contemplation of law a voluntary assignment, with unlawful preference of creditors, and not made according to the statute on voluntary assignments; *second*, that said mortgage was made with intent to hinder, delay, or defraud creditors.

1. To be an assignment within the meaning of the statute, this transaction must have the essential elements of an assignment to distinguish it from a common mortgage or transfer simply in preference of creditors, both of which are as lawful now as if no assignment law existed. Ch. 349, Laws of 1883, forbidding a preference of creditors, applies only to cases in which an assignment is to be and has been made. The preference must be by an assignment, or within sixty days prior to an assignment, to be unlawful within the meaning of that statute. Other preferences are as lawful as they ever were. *Wachter v. Famachon*, 62 Wis. 123; *Anstedt v. Bentley*, 61 Wis. 629. In this case there was no regular assignment, even in form, and therefore this transaction, so far as it makes a preference of creditors, does not fall within the prohibition of the statute on that account. In what respect, then, does this transaction

differ from a common mortgage? The mortgage was filed, and there was no change of possession. There was no *insolvency* so far as the parties themselves understood. The mortgagors were to continue in possession of the property until the new note should become due, except in extraordinary contingencies, and continue business. The respondent never took possession of the property, and the mortgagors sold it to a stranger for an ample consideration, and paid the money over to the mortgagee like honest men. The mortgage did not cover all of the property of the defendants, and was not intended to do so. There was six months' extension of the time of payment, in consideration of the mortgage, during which time the defendants evidently hoped to be able to pay their debts out of their business and other possible resources. These facts the evidence tended to prove, and the circuit court was warranted in finding. Similar cases have been so recently decided by this court that an extended argument in this case, and the examination of authorities outside of the state, are unnecessary. This case is much like that of *Carter v. Rewey*, 62 Wis. 552. That was a mortgage to the attorney at law, *in trust*, to pay claims against the defendant in his hands or which might come to him for collection. It was held not amenable to the prohibition of the statute. The same principles were applied in the recent case of *Ingram v. Osborn*, *ante*, p. 184, and the distinctions are pointed out between such cases and the case of *Winner v. Hoyt*, 66 Wis. 227. It is certainly not difficult to see a very broad distinction between this and other similar cases and the case of *Winner v. Hoyt*, *supra*, in which the transaction was held to be an assignment and in violation of the statute. This transaction, therefore, was not an assignment, and made no unlawful preference of creditors.

2. Was the mortgage made with intent to hinder, delay, or defraud creditors? We fail to find any evidence what-

ever of any intention to defraud the other creditors of the defendants in the giving or receiving of this mortgage. The subsequent mortgages to secure the same claims or other claims, if any, on portions of the same property, have to be most cruelly *tortured* to cast a suspicion upon the transaction of giving this mortgage to the respondent in trust, to secure claims in his hands for collection. The defendants certainly had the right to claim the whole of the property as exempt, if they had chosen to do so. That they did not do so, and gave this mortgage, are no concern of the other creditors. *Carhart v. Harshaw*, 45 Wis. 340. If the defendants had been in failing circumstances, and saw fit to give their mortgage to secure certain of their creditors, it would not conclusively show a fraudulent intent. *Allen v. Kennedy*, 49 Wis. 549. In any respect in which the evidence presents this transaction, there does not appear to be any intent to defraud any one. The findings of the circuit court were clearly warranted by the evidence.

*By the Court.*— The judgment of the circuit court is affirmed.

See note to this case in 35 N. W. Rep. 733.— REP.