THE PICTORIAL LEAGUE *vs.* HENRY J. NELSON,

October Term, 1896.

Present: Ross, C. J., TAFT, ROWELL, TYLER, MUNSON, START and
THOMPSON, JJ.

*Parol Evidence to Vary Written Contract—Evidence of Similar
Transactions.*

The defendant signed a written order to the plaintiff to send him an adver-
tising cut semi-monthly for one year, for which he agreed to pay a sum
named. The margin of the order contained a statement, signed by the
plaintiff that it would not be responsible for any agreement not appear-
ing on the face of the contract. *Held*, that the order was a contract
and subject to the ordinary rule excluding parol evidence.

It was error to permit the defendant to show that the agent, when taking
the order, represented that the plaintiff would send ten cuts from which
to make each selection and that this had not been done.

It was error to permit the defendant to show that the agent on the same
day made similar representations to others in taking their orders.

GENERAL AND SPECIAL ASSUMPSIT. Plea, the general issue.
Trial by court in the City Court of Burlington, October 3,
1896. Judgment for the defendant. The plaintiff excepted.

*Powell & Powell* for the plaintiff.

This is a written contract. Benj. Contr. 10, 11; *Daggett*
v. *Johnson*, 49 Vt. 345.

The admission of parol evidence to prove an additional
contemporaneous agreement by the agent was a plain viola-
tion of the settled rule. *Bradley* v. *Bentley*, 8 Vt. 243; *Gil-
lett* v. *Ballou*, 29 Vt. 296; *Abbott* v. *Choate*, 47 Vt. 53;
*Gates* v. *Moore*, 51 Vt. 222; *Benedict* v. *Cox*, 52 Vt. 247;
*Morse* v. *Low*, 44 Vt. 561; *Dixon* v. *Blondin*, 58 Vt. 689;
*Smith* v. *Burton*, 59 Vt. 408.

Testimony that the agent made a similar agreement with
other purchasers was irrelevant. *Phelps* v. *Conant*, 30 Vt.
277; *Aiken* v. *Kennison*, 58 Vt. 665; Steph. Dig. Ev. 198,
note VI; *Jones* v. *Ellis*, 68 Vt. 544.

*R. E. Brown* for the defendant.

The order is not a contract. By reading it and inspecting the goods sent it could not be told whether the contract made by the agent had been complied with. The agent must have had authority to inform the defendant of the kind and quantity of the goods, and for this purpose he exhibited samples. It was proper to show what information the agent gave the defendant as to the quality of the goods and the opportunity that would be offered to order such as would be of value to him. This did not contradict the order. I Green. Ev. § 284 a; *Chapin* v. *Dobson*, 78 N. Y. 74; *Barclay* v. *Wainwright*, 86 Pa. 191; *Caley* v. *Phila., etc., R. Co.*, 80 Pa. 363; *Bradford* v. *Manly*, 13 Mass. 139; *Winn* v. *Chamberlin*, 32 Vt. 318; *Buzzell* v. *Willard*, 44 Vt. 44; *Edwards* v. *Golding*, 20 Vt. 30.

The defendant had no means of knowing what he was buying unless the plaintiff's manner of doing the business was, as represented by the agent, to forward "ten or more sample cuts" from which the defendant might select. The court found that this representation was made and relied upon but that the plaintiff's manner of doing business was not as represented. It was a case of fraud. The court found that the goods were not equal to the samples and this fact was decisive.

Evidence of similar fraudulent representations to other purchasers at about the same time was admissible.

Ross, C. J. The action is to recover for cuts furnished in accordance with a written contract dated April 24, 1894, and for a breach of the contract by the defendant.

The contract.is in the form of an order, and is as follows: "The Pictorial League," etc. "Gentlemen: Please furnish the undersigned with one cut and reading matter semi-monthly to illustrate the Furniture and Draperies business in the City of Burlington, State of Vermont, only, for the term of one year from commencement, for which I agree to pay to your order at New York, the sum of one dollar and

postage for each cut, at the end of the month," etc. This order was signed by the defendant. The order was procured by an agent of the plaintiff. On the margin of the order, was the following: "The holder of this blank is authorized to receive orders for the Pictorial League. The proprietors are not responsible for any agreements not appearing on the face of this contract." This was signed by the proprietors and agent. The plaintiff mailed the defendant four cuts which he refused to use, and directed them to cancel his order. This order is a written contract on the part of the defendant which could not be enlarged, varied nor contradicted by parol testimony of what transpired at the time of its execution. *Daggett* v. *Johnson*, 49 Vt. 345.

Against the plaintiff's exception, the defendant was allowed to give evidence tending to show that upon the occasion of giving the order, and before it was given, the agent represented that there would be sent by the plaintiff to the defendant, each time, before the cut was sent him, a sample sheet containing not less than ten samples, from which he could select one, and the cut for that sample would then be sent to him; that the plaintiff did not perform this representation of the agent but sent cuts which the defendant did not want, and which were inferior to the sample exhibited by the agent. This was error. It was allowing a further stipulation resting in parol, made contemporaneously, to be added to the written contract. The order does not specify the quality of the cuts to be furnished. If the plaintiff was, at the date of the contract, executing cuts of a specific quality only, whether it could furnish cuts of lower quality is not a question raised nor considered. If the plaintiff was then making cuts of different qualities, whether a latent ambiguity might not arise is not a question raised by the exceptions, nor considered.

Against the like exception of the plaintiff the defendant was permitted to show that the agent, on the same day, procured orders from persons in Burlington, engaged in

other kinds of business, and made similar representations in regard to forwarding sample sheets. This was clearly error. The plaintiff had given notice by what was upon the margin of the order, that the agent was not authorized to bind it by any representations not embodied in the terms of the order. Hence neither the defendant nor the other persons from whom he procured similar orders, could treat the agent as authorized to make any representations, or stipulations, which would bind the plaintiff, unless the same were embraced in the written order. Moreover, the stipulations which a party may agree to in making a sale to other persons, has no necessary or legal tendency or relevancy, to show that he made the like stipulations in selling the like article to the defendant, although the sales were made nearly concurrently. This subject is fully considered in *Aiken* v. *Kennison*, 58 Vt. 665.

The defendant contends that these errors are rendered immaterial by the findings of the city court. This contention is not maintainable. From the statement in the exceptions, it appears, that the city court used this testimony, erroneously received, in making its findings, "that the representations were made by the plaintiff's agent, and that the defendant gave the order relying upon them, and that the plaintiff has never complied with the terms of the contract, and furnished such cuts as the defendant had a right to demand." This evidently means that the plaintiff did not furnish sample sheets as represented by the agent, and, therefore, the defendant had no opportunity to select the cuts. Hence the cuts furnished were not such as he had a right to demand.

*Judgment reversed and cause remanded.*