NELSON & DANIELS *v.* ELLEN F. GODFREY.

May Term, 1902.

Present: ROWELL, C. J., MUNSON, START, WATSON, STAFFORD and HASELTON, JJ.

Opinion filed August 21, 1902.

*Written Contract—Parol evidence—Form of action—Waiver of objection.*

In an action on a written contract to erect a tablet with a certain inscription thereon, evidence of a contemporaneous parol agreement that the inscription should be in raised letters is not admissible.

An objection to the form of action not raised in the trial court is waived.

GENERAL ASSUMPSIT.    Plea, the general issue.    Heard on a referee's report at the December Term, 1901, Lamoille County, *Start,* J., presiding.    Judgment, *pro forma,* for the plaintiff.    The defendant excepted.

*T. J. Deavitt* and *John G. Wing* for the defendant.

The parol evidence in regard to the inscription was admissible for the purpose of determining what the contract in issue was and the true intent and meaning of it. The contract is silent as to the kind and character of the letters of the inscription. The writing was not intended to cover the whole contract; so parol evidence may be admitted. *Dixon* v. *Blondin,* 58 Vt. 689; *Alder* v. *Kennedy,* 49 Vt. 109; *Stewart* v. *Martin, id.* 266; *Green* v. *Randall,* 51 Vt. 67; *Winn* v. *Chamberlain,* 32 Vt. 318; *Dunklee* v. *Goodnough,* 68 Vt. 113.

This being a contract for the sale of goods to be manufactured, the property does not pass by the simple tender or delivery to the purchaser according to the terms of the contract, but the purchaser must accept the same; and without such acceptance, an action for the price cannot be maintained. If the party wrongfully refuses to receive it, the action must be upon the contract for such refusal. *Boardman* v. *Keeler,* 21 Vt. 78; *Hodges* v. *Fox,* 36 Vt. 81.

*L. C. Moody* for the plaintiff.

The written contract is unambiguous in its terms and cannot be varied, contradicted or modified by parol evidence. *Aldrich* v. *Hapgood,* 39 Vt. 617; *Mfg. Co.* v. *Morse,* 48 Vt. 322; *Wainwright* v. *Straw,* 15 Vt. 215; *Martin* v. *Thrasher,* 40 Vt. 460.

General assumpsit may be maintained even though the basis of the action rests upon a special contract. *Way* v. *Wakefield,* 7 Vt. 223; *Mattocks* v. *Lyman,* 16 Vt. 113; *Groot* v. *Story,* 41 Vt. 533; *Kent* v. *Bowker,* 38 Vt. 148.

START, J. The plaintiffs and defendant entered into a written contract, whereby the plaintiffs undertook to erect in a good, workmanlike manner a stone tablet, with the word "Mother" on the top thereof, at the grave of the defendant's mother, and a marker at the grave of a child. The defendant

was permitted to show by parol evidence that at the time of making and signing the contract, it was agreed by the parties that some part of the inscription should be in raised rather than sunken letters. From this evidence, the referee finds that the word "Mother" was to have been in raised letters, and makes the question of recovery dependent upon the admissibility of this evidence, and upon the fact that certain abbreviations in lettering were made that is not now urged as an objection to a recovery. The referee has, in effect, found that the work was executed in a good, workmanlike manner. This is all that was required of the plaintiffs by the terms of the written agreement, and their undertaking could not be varied or enlarged by an oral agreement made at the time of the execution of the written contract. Therefore, the oral evidence from which the referee found that the word "Mother" was to be cut in raised letters was inadmissible. *Daggett* v. *Johnson,* 49 Vt. 345; *Pictorial League* v. *Nelson,* 69 Vt. 162, 37 Atl. 247.

The defendant insists that the action should have been special assumpsit, and that no recovery can be had under the general counts. This objection is not sustained. The cause having been referred, and it not appearing that this question was raised in the court below, nor that the report was objected to on this ground, it is considered that the defendant has waived this objection to the form of the declaration. In *Lyndon Granite Co.* v. *Farrar,* 53 Vt. 585, under like conditions, it was so considered.

*Judgment affirmed.*