GEORGE W. PIERCE ET AL v. EUGENE F. COOLEY ET AL.

*Accidental destruction of goods left on trial.*

Goods left on trial under an agreement that if they prove satisfactory they shall be paid for by note due on a certain date, or by cash that day remain the vendor's and at his risk until such date, if not accepted before.

Error to Ingham.   (Gridley, J.)   April 23.—April 29.

ASSUMPSIT.   Defendants bring error.   Reversed.

*Edward Cahill* for appellants.   When the facts on which the question of reasonable time depends are not in dispute the question is for the court: *Atwood v. Clark* 2 Greenl. 249 ; *Stodden v. Harvey* Cro. Jac. 204: Co. Litt. 56 *C*; *Ellis v. Paige* 1 Pick. 43 ; *Porter v. Blood* 5 Pick. 54 ; *Hurry v. Royal Exch. Assurance Co.* 2 B. & P. 430 ; *Kingsley v. Wallis* 14 Me. 57 ; *Greene v. Dingley* 24 Me. 131 ; *Cameron v. Wells* 30 Vt. 633.

*Clarence Cole* for appellees.

CAMPBELL, J. This suit was brought to recover the price of a spoke-dressing machine, which plaintiffs claim was purchased by defendants, but which they claim they held merely on trial, when it was accidentally destroyed by fire. The machine had been in their wagon-shop in Lansing, and partially tried, prior to December, 1883, but had not worked well. Plaintiff wished them to give it a further trial with a different method of gearing, which would make it work better. A written instrument was signed by both parties, whereby defendants agreed to take it if it worked to their satisfaction, and to pay for it by note due May 1, 1884, or by cash payment on that day; and the plaintiff agreed to come over when notified that the machinery was ready for running. When the contract was made the work of the shop was suspended for a change of engine and machinery. The engine was soon set running again, but no re-arrangement of the gearing for the spoke-machine was made until just before the fire, which was April 22, 1884. This delay was for convenience of the general business.

The court below held that defendants were bound to try the machine within a reasonable time, and that they were liable to have it treated as accepted if they did not do so, and it was left to the jury to say whether they had done so.

We think this was error. The contract was not to accept the machine if it worked well, but to accept it if it worked to defendants' satisfaction. They could reject it at any time if it did not please them, whether good or bad. *Wood Reaping & Mowing Machine Co. v. Smith* 50 Mich. 565. This option, we think, continued until May 1, 1884, when they undoubtedly were bound to decide. The declaration in the special count was framed on this theory, and we think it plainly the correct one. The title could not pass without acceptance until the time of choice was over, and the plaintiff was owner of the machine when burned, and not the defendants.

The judgment must be reversed and a new trial granted.

SHERWOOD and CHAMPLIN, JJ. concurred. COOLEY, C. J. did not sit.