SEB. STUTZ v. LOYALHANNA COAL & COKE CO.

APPEAL BY DEFENDANT FROM THE COURT OF COMMON
PLEAS NO. 1 OF ALLEGHENY COUNTY.

Argued November 6, 1889—Decided January 6, 1890.

If the purchaser of machinery which the seller stipulates is " to be first-class in all particulars, and perform in a satisfactory manner," does not return it at the expiration of a period allowed for trial, but continuing to use it notifies the seller that unless he puts it in " satisfactory work-ing condition," he will have the difficulties remedied at the seller's expense, this is an election to retain, and he is liable to pay the contract price, less a proper deduction to enable the seller to put the machinery in satisfactory working order.

Before PAXSON, C. J., STERRETT, GREEN, CLARK, WILL-
IAMS, McCOLLUM and MITCHELL, JJ.

No. 230 October Term 1889, Sup. Ct.; court below, No. 81
March Term 1888, C. P. No. 1.

On January 2, 1888, a summons in assumpsit was served in an action brought by Sebastian Stutz against The Loyalhanna Coal & Coke Company. Issue.

At the trial on November 6, 1888, it was made to appear that on October 16, 1886, a contract in writing was entered into between the parties, by which the plaintiff, in considera-tion of the sum of $12,990, payable $6,495 as soon as the machinery was ready for shipment, and $6,495 as soon as it " is erected and operating in a satisfactory manner," agreed to furnish to the defendant certain coal washing machinery, stip-ulating that it should " be first class in all particulars, and perform in a satisfactory manner," and that the defendant should have the privilege of operating the machine for a period of thirty days after its erection, for the purposes of trial. On May 27, 1887, the plaintiff by letter notified the defendant that the machinery was finished and ready for operation. Ow-ing to a lack of coal caused by a strike, a trial could not be had until July 18, 1887, when the first experiments were made. On August 1st, Mr. Stutz started the machinery, and averred

that it worked perfectly. The officers of the company, however, claimed that it did not work satisfactorily, and on September 28, 1887, notified the plaintiff that "unless you proceed to put the machinery into satisfactory working condition, we now give you notice that we will endeavor to have the difficulties remedied by others at your expense." The machinery was not made to work satisfactorily to the defendant, and payment of the final instalment being refused, this suit was brought for its recovery.

At the close of the testimony, the court, COLLIER, J., charged the jury:

Under the written contract in this case, which contains a clause that the balance of the money shall not be paid to the plaintiff unless the machinery is satisfactory to the defendant, and it appearing by the uncontradicted evidence that it never has been satisfactory, your verdict must be for the defendant, under the law of our state, unless the plaintiff establishes one of two propositions. The reason of this is, that when a person makes a contract in writing that his work shall be satisfactory to the person for whom the work is done, it must be satisfactory to that person, who is the sole judge of that, unless he acts in bad faith. It makes no difference whether his reasons would be satisfactory to you or to me ; it is a bargain in writing, and hence, I say, your verdict should be for the defendant unless the plaintiff establishes one of two propositions. Now, what are they?

[1. He must establish to your satisfaction that the defendant company continued the further use of the machinery erected by the plaintiff after the expiration of thirty days after they commenced its operation for the purpose of trial. The agreement contains the clause that, the defendant shall have thirty days to try it. The "thirty days" does not, as contended in the argument on the motion for a nonsuit by the learned counsel for the plaintiff, date from the time the machinery was delivered, but from the time the defendant began to operate it for the purpose of trial. This clause is to be construed reasonably. The true intent of it is that the defendant company are to have a thirty day period in which to try it. If they had a fair trial for a period of thirty days, and chose afterwards to

keep it,—I do not mean to "keep it" in the absolute sense of the term, because they had it on their ground, had their own building for it, and had already paid over six thousand dollars for it ; I do not mean that they should have returned it,—but if, after having thirty days' trial of it, they chose to continue to use it, then they are bound to pay this second instalment subject to such deductions as I shall instruct you upon. If this is established to your satisfaction, and you will judge of it from the weight of the evidence which seems to me to tend that way, it will relieve the case of the difficulties mentioned in connection with the contract as to the machinery being satisfactory ; because I apprehend that the law is and will be, until it is otherwise decided by the Supreme Court, that when a party, under a clause of this kind, takes machinery upon trial, and after the trial continues to use it, he must pay what it is worth, with whatever deductions you would allow for necessary expenses incurred in connection with it. If this proposition is established, the plaintiff may recover.] [1]

[2. If you believe that the defendant notified the plaintiff on September 28, 1887, that "unless you proceed to put the machinery into satisfactory working condition, we now give you notice that we will endeavor to have the difficulties remedied by others at your expense," and I think the weight of evidence tends that way, but that is for you to determine, then it is an election to keep it and pay the price of it, less any expense the defendants necessarily incurred.] [2]

Now, if one or both of these propositions are established to your satisfaction, then the plaintiff would have a right to the balance of his money, subject to the deduction of all the expenses the defendant incurred in making it work satisfactorily. On that point you have heard the arguments of counsel on both sides. Counsel for defendant company contend that by reason of the machinery not being satisfactory nor right at all, and the plaintiff not giving the attention and assistance he ought to have given, they were compelled to pay a large sum and will have to pay a further sum ; that they will have to get other crushers, and they have given you items of expense up to some five thousand dollars in addition to what they have already expended. If that is so, you will have to allow that, or any portion of it you believe was necessarily occasioned by the plaintiff's default. . . . .

The plaintiff requests the court to instruct you as follows, to wit:

1. If the defendant company continued the further use of the machinery erected by the plaintiff after the expiration of a period of thirty days from the date when they commenced its operation for the purposes of trial, they are liable for the instalment of purchase money sued for in this action, after deducting such sum as has been, or may be, necessarily expended by the defendant in repairs or changes made necessary by reason of defects in the machinery and plans furnished by the plaintiff.

Answer: Affirmed.[3]

2. The notice to the plaintiff contained in defendant's letter of date September 28, 1887, that "unless you proceed at once to put the machinery into satisfactory working condition, we now give you notice that we will endeavor to have the difficulties remedied by others at your expense," constitutes an election on the part of the defendant to accept the machinery, subject to such deduction from the contract price as may be reasonably necessary to put the machinery, as furnished, in the condition that plaintiff had agreed to furnish it.

Answer: Affirmed.[4]

3. If the jury believe that a portion of the repairs and changes made, or necessary to be made, by the defendant, were rendered necessary by reason of defective materials or workmanship in the building and structure erected by the defendant, or by reason of the improper use by defendant's employees of the machinery erected by the plaintiff, then it is the duty of the defendant to furnish satisfactory proof to enable the jury to determine the particular items of their claim for repairs and changes that were made necessary by reason of defects in the plans furnished by the plaintiff and the materials or construction of the machinery erected by him; and the jury should deduct from the plaintiff's claim only such sum as they are enabled to determine from the evidence that defendant has been or may be required to pay, by reason of defects in the plans, materials or construction of the machinery erected by the plaintiff, and defects in the plans furnished by plaintiff for the building and structures erected by the defendant.

Answer: Affirmed.[5]

Counsel for defendant request the court to charge the jury as follows:

Charge of Court below.

5. If the jury believe from the evidence that within thirty days after July 30, or August 1, 1887, the defendant notified plaintiff that the machinery did not operate in a manner satisfactory to the defendant, and that said machinery has not since operated in a manner satisfactory to the defendant, the plaintiff is not entitled to recover.

Answer: Affirmed, unless you find first, that after thirty days' trial of the machinery the defendant continued the use of it; or, second, that the defendant notified the plaintiff on September 23, 1887, that " unless you proceed at once to put the machinery into satisfactory working condition, we now give you notice that we will endeavor to have the difficulties remedied by others at your expense." [6]

6. Before the plaintiff is entitled to recover against the defendant, under the contract in evidence, it is a condition precedent that said machinery must be operating in a satisfactory manner; that is to say, in a manner satisfactory to the defendant, and whether it is so operating or not the defendant alone is to judge.

Answer: Affirmed, unless you find first, that after thirty days trial of the machinery the defendant continued the use of it; or, second, that the defendant notified the plaintiff on September 28, 1887, that " unless you proceed at once to put the machinery into satisfactory working condition, we now give you notice that we will endeavor to have the difficulties remedied by others at your expense." [7]

7. If the jury believe from the evidence that the machinery is erected in and affixed to a building erected for the purpose of receiving the same on defendant's land and that said machinery has not operated in a manner satisfactory to the defendant, the fact that the defendant is in possession of the machinery and has attempted to make use thereof does not entitle the plaintiff to recover anything in this action.

Answer: Affirmed, unless you find first, that after thirty days trial of the machinery the defendant continued the use of it; or, second, that the defendant notified the plaintiff on September 28, 1887, that "unless you proceed at once to put the machinery into satisfactory working condition, we now give you notice that we will endeavor to have the difficulties remedied by others at your expense." [8]

272 WESTERN DISTRICT, 1889.

8. The uncontradicted evidence in the case is that the machinery has never operated in a manner satisfactory to the defendant and plaintiff is not entitled to recover.

Answer: Affirmed, unless you find, first, that after thirty days' trial of the machinery the defendant continued to use it; or, second, that the defendant notified the plaintiff on September 28, 1887, that "unless you proceed at once to put the machinery into satisfactory working condition, we now give you notice that we will endeavor to have the difficulties remedied by others at your expense." [9]

9. Under all the evidence, the plaintiff is not entitled to recover.

Answer: Refused.[10]

The jury returned a verdict in favor of the plaintiff for $5,755.55. A rule for a new trial having been discharged, judgment was entered on the verdict, when the defendant took this appeal, assigning for error:

1, 2. The portions of the charge embraced in [ ] [1] [2]
3–5. The answers to plaintiff's points.[3 to 5]
6–10. The answers to defendant's points.[6 to 10]

*Mr. William Scott* (with him *Mr. John Dalzell* and *Mr. George B. Gordon*), for the appellant.

Counsel cited: Singerly v. Thayer, 108 Pa. 291; Seeley v. Welles, 120 Pa. 69; Monro v. Butt, 8 El. & B. 738; Bryant v. Stilwell, 24 Pa. 314; Hartupee v. Pittsburgh, 97 Pa. 107; Mehurin v. Stone, 37 Ohio 49; Smith v. Brady, 17 N. Y. 173 (72 Am. Dec. 442); Hare on Cont., 621–626; Williamson v. McClure, 37 Pa. 408.

*Mr. James R. Macfarlane* and *Mr. D. F. Patterson*, for the appellee.

Counsel cited: Dewey v. Erie Bor., 14 Pa. 211; Singerly v. Thayer, 108 Pa. 291; Cleaver v. Bullock, 111 Pa. 441; Snodgrass v. Gavit, 28 Pa. 221; Albert v. Frick, 1 Penny. 132; Hare on Cont., 620; Danville Bridge Co. v. Pomroy, 15 Pa. 151; Monocacy Bridge Co. v. Amer. Mfg. Co., 83 Pa. 517; Chambers v. Jaynes, 4 Pa. 43; Miller v. Phillips, 31 Pa. 218; Hartupee v. Pittsburgh, 97 Pa. 107; Patterson's App., 99 Pa. 521.

Syllabus.

PER CURIAM:

The contract between the parties, by which the plaintiff agreed to furnish the defendant with certain machinery, stipulated that said machinery was " to be first-class in all particulars, and perform in a satisfactory manner." This means satisfactory to the defendant: Singerly v. Thayer, 108 Pa. 291; Seeley v. Welles, 120 Pa. 69. That the machinery was not satisfactory to the defendant abundantly appears, and it had the right to return it at the expiration of the thirty days allowed by the contract for a trial of its efficiency. It did not return it, however, but continued to use it, and on September 28, 1887, gave the plaintiff notice that, " unless you proceed to put the machinery into satisfactory working condition, we now give you notice that we will endeavor to have the difficulties remedied by others at your expense." This was an election to retain the machinery, and the defendant was liable to pay for it, less a proper deduction from the price, to enable defendant to put it in a satisfactory working order. The court below so instructed the jury, and the latter appear to have deducted a considerable sum from the contract price. Whether the jury erred in the amount, we do not know, nor is it our province to inquire; but we are satisfied the instructions of the learned judge below were correct.

Judgment affirmed.