(108 N. W. 541.)

---

PRESTON GARLAND v. F. B. KEELER.

Opinion filed June 21, 1906.

**Directing Verdict — Renewal of Motion at Close of All Testimony.**

   1. Error in denying a motion to direct a verdict is waived, unless the motion is renewed after the taking of evidence is closed.

**Sale — Article Satisfactory to Purchaser.**

> 2. Where a machine is taken on trial, to be paid for if it does work satisfactory to the purchaser, there is no sale if the purchaser is in fact not satisfied with the work done by the machine, although it does work that other persons might deem satisfactory.

**Same — Dissatisfied in Good Faith.**

> 3. In such cases the purchaser must be dissatisfied in good faith, and not pretend to be so on selfish or dishonest grounds.

Appeal from District Court, Foster county; *Burke, J.*

Action by Preston Garland against F. B. Keeler. Judgment for plaintiff. Defendant appeals.

Reversed and remanded.

*T. F. McCue,* for appellant.

Where the agreement is that machine shall work to the purchaser's satisfaction, he is the sole judge and he need only show that his claim was made in good faith. Wood Machine Co. v. Smith, 15 N. W. 906; Piano Mfg. Co. v. Ellis, 35 N. W. 841; Silsby Mfg. Co. v. Chicago, 24 Fed. 893; Goodrich v. Van Nortwich, 43 Ill. 445.

*J. W. White* and *C. B. Craven,* for respondent.

Exceptions to charge must be specific. Hedlun v. Holy Terror Min. Co., 92 N. W. 31.

MORGAN, C. J. Plaintiff sues for the purchase price of a King harvesting machine, alleged to have been sold and delivered to the defendant. The machine was sold by the plaintiff as agent for the Acme Machine Company. The answer denies that the harvester was sold to him, and alleges that it was delivered to him for trial, and if it worked to his entire satisfaction that he was to pay $200 for it, and if it failed to work to his entire satisfaction that he was not to receive it, but was to return it. He alleges that it failed to work satisfactorily and that he returned it to plaintiff. A trial to a jury resulted in a verdict for the plaintiff for the full amount claimed. Defendant moved for a new trial upon a settled statement of the case, and the motion was denied. Judgment was entered on the verdict, and defendant has appealed from the same and from the order denying the motion for a new trial.

The specifications refer to alleged errors in the admission and exclusion of testimony and the instructions given to the jury. De-

fendant also made a motion for a directed verdict at the close of plaintiff's case, and the overruling of the same is assigned as error. The motion was not renewed when the taking of testimony closed. Hence the right to claim error in denying the motion was waived. The issues under the pleading are whether there was a sale of the machine, and whether the machine was taken on trial and failed to work satisfactorily to the defendant. There is no contention that there was an express warranty of the quality of the machine or that it would do good work. It is claimed in this court by the defendant that, if the evidence shows a sale, the law implies that there was a warranty that the machine was fit for the purposes for which it was intended, and that the defendant is not entitled to avail himself of the implied warranty. No such contention was brought to the attention of the trial court in any way whatever. It is too late to raise the question for the first time on appeal, even if conceded to have any merit. Whether the contract was one of sale or a contract for sale after trial with the privilege of returning the machine if it did not work satisfactorily, was a matter of dispute. The evidence is ample to sustain the plaintiff's contention that the machine was unconditionally sold to the defendant. Hence, the verdict cannot be disturbed on the ground that it is not sustained by the evidence on that issue.

The following instruction was excepted to: "If you find that he [defendant] made some agreement not amounting to a sale, and yet looked to a sale in the event that the machine should prove satisfactory to a reasonable man, then you will decide whether or not this machine from the evidence, was such a machine as would satisfy an ordinary man." As stated before, the defendant alleged that the machine was taken on trial, and if it did not work to his entire satisfaction, that no purchase was to be made, and the machine was to be returned. The defendant testified that: "I told him (the agent) that I knew nothing of this machine, and I would not buy one of them under any consideration, without taking them on trial and my approval. Mr. Roller then told me I could have one on trial any length of time I wished until I became satisfied that it did better work than any similar machine I could buy. I told him that was fair enough, and if the machine proved satisfactory to me I would come to town, and buy it and pay $200 cash. He told me I could take the machine." In view of this testimony, it is our opinion that the jury should have been in-

structed upon the defendant's theory of the agreement. Under the defendant's evidence, the machine was taken on trial and if it failed to work satisfactorily to him there was no sale. Parties have the undoubted right to make their own contracts, and their rights are to be determined under their contracts as actually made. Courts have no right to add conditions to the contracts made. Defendant had the right to return this machine if it did not work to his satisfaction. That does not mean that the defendant must be satisfied if an ordinary man would be satisfied with the machine. To so instruct the jury was erroneous and prejudicial, as they may have found for the plaintiff because they found that the machine did work that would have been satisfactory to a reasonable and ordinary man. The contract under defendant's theory was not that he would buy the machine if, after trial, it did work that would be satisfactory to a reasonable or ordinary person. The work was to be satisfactory to him. Meechem on Sales, section 665, lays down the rule as follows: "In such cases, if the vendee is, in fact, not satisfied, there is no sale. It is not enough that he ought to be satisfied, or that the article would be satisfactory to a reasonable man, or that the court or jury shall deem the article satisfactory. The contract is that the article shall be satisfactory to the vendee himself, and not to some one else." In Machine Co. v. Okerstrom, 114 Iowa, 260, 86 N. W. 284, it was said: "In such a case, he is the sole judge whether the article is satisfactory or not, and if he is not satisfied, he is not bound to accept the article, although as a matter of fact, he ought to have been satisfied therewith." See, also, Exhaust Ventilator Co. v. C., M. & St. P. Ry. Co., 66 Wis. 218, 28 N. W. 343, 57 Am. Rep. 257; Parr v. Northern El. Mfg. Co., 117 Wis. 278, 93 N. W. 1099; Haney-Campbell Co. v. Preston Creamery Ass'n, 119 Iowa, 188, 93 N. W. 297; Pierce v. Cooley, 56 Mich. 552, 23 N. W. 310; Howard v. Smedley, 140 Pa. 81, 21 Atl. 253; Silsby Mfg. Co. v. Town of Chico (C. C.) 24 Fed. 893; Mfg. Co. v. Brush, 43 Vt. 528; Baltimore & Ohio Ry. Co. v. Brydon, 65 Md. 198, 611 3 Atl. 306, 9 Atl. 126, 57 Am. Rep. 318; Brown v. Foster, 113 Mass. 136, 18 Am. Rep. 463. It is not to be understood that a person having an option under such a contract may pretend that he is not satisfied when in fact he is satisfied. In other words, the party must be actually and in good faith dissatisfied. It is the fact of actual dissatisfaction that relieves him from paying for the article, and not the fact that he says that he is dissatisfied. He must act

honestly, and not pretend to be dissatisfied from selfish or other unworthy motives.

The judgment is reversed, a new trial granted, and the cause remanded for further proceedings. All concur.