LEWIS WILLIAMS, RESPONDENT, v. JACOB HIRSHORN, APPELLANT.

Submitted December 6, 1917—Decided February 18, 1918.

1. When by the terms of a contract work is to be paid for after "a satisfactory test has been made," it must be satisfactory to the one who is to pay for it, if the contract is silent as to the person to whom the work shall be satisfactory.

2. Where a promisor agrees to pay for work or goods provided he is satisfied with them, he must act honestly and in good faith. To escape liability his dissatisfaction must be actual and not feigned; real and not merely pretended. It is only the actual existence, not the mere expression, of dissatisfaction that can have this effect. He must, if a test is necessary to determine fitness, give that test, or permit it to be made. Where good faith is in issue, and the evidence is conflicting, a jury question is presented.

On appeal from the District Court of the city of Camden.

Before Justices SWAYZE, TRENCHARD and MINTURN.

For the appellant, *Stackhouse & Kramer,*

For the respondent, *T. Harry Rowland.*

The opinion of the court was delivered by

TRENCHARD, J. The plaintiff below sued to recover the balance alleged to be due on his contract with the defendant wherein the plaintiff agreed to make the walls of the defendant's cellars waterproof, and the latter agreed to pay $50 upon completion, "the balance ($50) to be paid after a rain and a satisfactory test has been made."

We are of the opinion that the judgment for the plaintiff rendered by the trial judge sitting without a jury must be affirmed.

We think the motion to nonsuit was properly denied and that a jury question was presented at the end of the case.

It was admitted that the work was done by the plaintiff and that the balance sued for had not been paid.

It was also admitted that after the work was finished there had been "a rain."

The controversy turned upon the question: Had "a satisfactory test" been made?

When by the terms of a contract work is to be paid for after "a satisfactory test has been made," it must be satisfactory to the one who is to pay for it, if, as here, the contract is silent as to the person to whom the work shall be satisfactory. *Singerly* v. *Thayer,* 108 *Pa. St.* 291; *Campbell Printing Press Co.* v. *Thorp,* 36 *Fed. Rep.* 414.

The trial judge found that if there had not been a "satisfactory test," there could not be one, and that was so through no fault of the plaintiff. The defendant always expressed himself as dissatisfied, giving as a reason that after a heavy rainfall there was considerable water in the cellars. It is true that there was, but the trial judge found that it came in the cellar windows, with which the plaintiff's contract had nothing to do, and over which he had no control, and there was abundant evidence to support that finding. Indeed, the proven statements and conduct of the defendant indicated that he himself thought that the water came in the windows, but the evidence tends to show that he never corrected that trouble.

Now, the rule of law is that where a promisor agrees to pay for work or goods, provided he is satisfied with them, he must act honestly and in good faith. To escape liability his dissatisfaction must be actual and not feigned; real, and not merely pretended. It is only the actual existence, not the mere expression, of dissatisfaction that can have this effect. He must, if a test is necessary to determine fitness, give that test or permit it to be made. Where good faith is in issue, and the evidence is conflicting, a jury question is presented. *Gwynn* v. *Hitchner,* 67 *N. J. L.* 654; *Gerisch* v. *Herold,* 82 *Id.* 605. See, also, cases collected in 9 *Cyc.* 624.

Whether in the case at bar the defendant acted in good faith in expressing his dissatisfaction with plaintiff's work upon the walls, when the testimony tended to show that the

water came through the windows, for which the defendant and not the plaintiff was responsible, was at least a jury question.

The judgment below will be affirmed, with costs.