W. R. OLSON, Respondent, v. WILLIAM LARSON, Appellant.

(184 N. W. 984.)

**Sales — buyer agreeing to keep property if it works satisfactorily must be honestly dissatisfied.**

1. Where property is sold, or contracted to be sold, to a vendee, who agrees to keep and pay for the same on condition that it works satisfactorily, the buyer, relying upon such condition, must be honestly dissatisfied with the property.

**Sales — instruction held not erroneous as requiring a finding contrary to evidence.**

2. Certain instructions are examined and *held* not to be prejudicial.

Opinion filed Nov. 1st. Rehearing denied Nov. 18, 1921.

Appeal from the district court of Williams County, *Fisk,* J.

Affirmed.

*Craven* and *Converse,* for appellant.

"Where a machine is taken on trial to be paid for if it does work satisfactory to the purchaser, there is no sale if the purchaser is in fact not satisfied with the work done by the machine, although it does work that other persons might deem satisfactory."

"In such case the purchaser must be dissatisfied in good faith and not pretend to be so on selfish or dishonest grounds." Garland v. Keller, 15 N. D. 548.

1. If the vendor agreed to furnish an article that shall be satisfactory to the vendee, he constitutes the latter the sole arbiter of his own satisfaction, provided that any dissatisfaction on the part of the vendee must be real and not feigned.

2. A stipulation in a contract of sale, that the article shall be satisfactory, without stating to whom, means that it shall be satisfactory to the vendee. Campbell Printing etc. Co. v. Thorp, 36 Fed. 414; 1 L. R. A. 645; See cases cited in L. R. A. note to above case; McCormick Harvester Co. 33 Minn. 32; 21 N. W. 846.

"In case upon reasonable trial, it did not work satisfactory, it was not necessary for defendant to return it to plaintiff in the absence of an express agreement to that effect. It was sufficient for him, within a reasonable time, to notify plaintiff in substance that it did not work satisfactory, and that he declined to accept it." Gibson v. Vail, 53 Vt. 476; Doone v. Dunham, 65 Ill. 512; Star v. Torrey, 22 N. J. Law 190; Smalley v. Hendrickson, 29 N. J. Law 371; 2 Benj. Sales (4th Am. ed. Corb's) § 978, 1348.

"A warranty that an engine will work satisfactorily and develop specified power is a warranty that the engine will work satisfactorily in all respects, and the warranty is not limited to the development of power only." Houghton Implement Co. v. Vavorosky, 15 N. D. 308.

*Geo. Shafer,* for respondent.

BIRDZELL, J. This is an appeal from a judgment in favor of the plaintiff for $1,349.10, and costs, which was entered on the verdict of a jury. The questions involved can most readily be understood by reference to the issues raised by the pleadings and to the facts developed at the trial. The complaint states four causes of action, the first and

principal one being for the purchase price of a certain Fordson tractor and two Oliver plows, alleged to have been sold and delivered to the defendant for the price of $1,025. The second cause of action is for certain merchandise, to wit: Two breaker bottoms, two breaker lays, two stubble lays, and other extra lays; also gasoline and oil, all alleged to have been reasonably worth the sum of $183.55. The third cause was for table board and lodging furnished defendant and an employee in the sum of $15, and the fourth was for the reasonable worth of services rendered defendant in delivering certain property and in making certain trips on his behalf, in the sum of $12.40. The answer admits the third cause of action (for board and lodging), but denies the others. It alleges that the defendant agreed with the plaintiff that he would attempt to do plowing with a certain Fordson tractor and Oliver plows which he, the plaintiff, was desirous of selling; that in case the plows and tractor did the work which the defendant desired to have done in a manner satisfactory to him and to his hired man, the defendant in that event would buy the machinery; that it was specifically agreed that there should be no sale and no obligation on defendant's part to buy either the tractor or the plows unless they did the work to the entire satisfaction of the defendant and his hired man; and then it is alleged that the defendant made every reasonable effort to do plowing with the machinery and gave it a thorough trial, but that the tractor did not develop sufficient power to plow in a manner satisfactory to the defendant and the hired man. It is alleged that, because of this failure, the defendant never purchased the property embraced in the first and second causes of action. As to the fourth cause of action, it is alleged that the trips were not made for the benefit of the defendant, but for the plaintiff, on account of his desire to make the sale of the machinery.

The plaintiff lived at Charlson, N. Dak., an inland town in McKenzie county, some 20 miles distant from the railroad station of Sanish. He conducted a store and hotel business transporting his freight overland from Sanish. At the time of the transaction in question, he had a subagency for the sale of Fordson tractors. The defendant lived at Tioga in Williams county, and owned certain land in the vicinity of Charlson, which he desired to put into crop in 1919. On or about May 14th, the defendant was in Charlson, en route to his farm, for the purpose of making arrangements for plowing. While there he became interested in the purchase of a Fordson tractor, and went with the plaintiff to see

one in operation. On or about the 15th, an arrangement was made whereby the plaintiff was to furnish a tractor for the price of $1,025, or $20 above the list price. The defendant gave his check for $50 which the plaintiff claims was in part payment of the price, and which the defendant contends was simply an evidence of his good faith. The plaintiff was to bring the tractor from Sanish to Charlson. This he did. On the following Monday (May 19th), the defendant returned to Charlson, and he, together with a man furnished by the plaintiff, took the tractor to the defendant's farm. Late that evening the defendant returned to the plaintiff's place of business, and, according to the latter, reported that the tractor worked fine. This is disputed by the defendant. Next day defendant Larson returned to Tioga. The testimony is altogether conflicting concerning the exact nature of the transaction, and particularly with regard to the negotiations subsequent to the delivery of the tractor, the plaintiff claiming that the defendant, after trying the machine, promised to give him a check for the balance of the price, and the defendant that the plaintiff had guaranteed that the tractor would work to the satisfaction of him and his hired man, which he claims it failed to do. The defendant, however, stopped payment on the $50 check, never paid the balance, and never returned the tractor. The plaintiff admitted that he had agreed that, if the tractor did not pull the two plows on the ground that was to be plowed, the defendant was at liberty to bring it back. The case was submitted to the jury, and a verdict returned for $1,235.

The principal assignments of error argued upon this appeal relate to the instructions of the court to the jury. It is argued that the instructions did not cover the issues joined, and that they ignored or failed to properly state the law applicable to the contract if made according to the defendant's version of the facts. Regarding the principal issue, the court instructed the jury that the plaintiff, in order to recover, must prove by a fair preponderance of the evidence that, on or about the 15th of May, 1919, he sold and delivered to the defendant the Fordson tractor and two Oliver plows, for which the defendant agreed to pay $1,025 in cash; that the defendant accepted the property, but failed to pay this sum. This was followed by a charge that, if from the evidence the jury should find that a sale was made upon approval or on trial or on satisfaction, and that the defendant signified his approval or acceptance to the plaintiff, or did any other act adopting the transaction, they should find for the plaintiff.

Then a further instruction was given that, if the jury found from the evidence that a contract for the sale of the tractor was made upon approval or on trial, and the tractor delivered, they should find for the plaintiff if defendant failed to return or tender the tractor within the time agreed upon or within a reasonable time, if no time was agreed upon. A further instruction was given to the effect that, if the sale was made upon approval or on trial or satisfaction, and the plaintiff warranted the tractor and plows to do certain work, and they failed after a fair trial to do such work, and did not fulfill the warranty, then the defendant would have a right to rescind the contract or sale, and, if the tractor and. plows had aleady been received by him, to return them or offer to return them to the seller. This instruction was accompanied by the following statement of law, to which particular exception is taken:

"You are further instructed that, where an agreement is made whereby the party is to take goods on trial, and is to keep said goods, and pay for the same only upon condition that they work satisfactorily to the buyer, the buyer cannot arbitrarily say that he is not satisfied with the goods, but there must be some actual breach of warranty in the property upon which the buyer bases his refusal to accept the goods, or his claim that the same are not satisfactory to him. In other words the buyer must act honestly in his refusal to accept and keep the goods."

Then follows this hypothetical statement referring to the defendant's contention:

"On the other hand, if you find that no contract of sale was made between the parties as claimed in the defendant's answer, but that the defendant simply agreed to take the tractor and plows and give them a trial, and, if satisfactory to him and his hired man after such trial, that he was then going to enter into a contract for the purchase of such tractor, and that previous to such trial no terms had been agreed upon, and that said tractor did not work satisfactory, and would not do the work which it was guaranteed to do by the plaintiff, and that the defendant so notified the plaintiff to that effect, within the time in which he was to make said trial, or, if no time was specified, then within a reasonable time, then your verdict should be for the defendant upon said first cause of action."

We are of the opinion that these instructions fairly state the law applicable under the issues, and the conflicting evidence relating to the transaction. When read as a whole, we think the instructions in effect

stated to the jury that they should not return a verdict for the plaintiff unless he had proved the contract, as alleged by him, accompanied by such condition or warranty as they believed the evidence supported, and that such condition or warranty had been fulfilled or treated as fulfilled by the defendant; and that, if the transaction was as contended for by the defendant, they should bring in a verdict in his favor, if he was honestly dissatisfied with the tractor.

It is claimed that palpable error was committed in that part of the instruction in which the court told the jury that, where a purchaser agrees to keep and pay for goods on condition that they work satisfactorily to him, he cannot arbitrarily say that he is not satisfied with the goods, "but there must be some actual breach of warranty in the property upon which the buyer bases his refusal to accept the goods," and the case of Garland v. Keeler, 15 N. D. 548, 108 N. W. 484, is relied upon. That case is authority for the rule that, where a vendor agrees that the property sold shall work satisfactorily to the purchaser, the contract is not fulfilled unless the purchaser is actually satisfied, and that it is not sufficient that the article would satisfy an ordinary man. In the instruction before us the reference in this connection to breach of warranty in the property might be considered as more or less unfortunate, but in our opinion it could not have prejudiced the defendant, for in the immediately following sentence the rule intended to be stated was put in other language which rendered the meaning clear beyond a doubt. The court stated: "In other words, the buyer must act honestly in his refusal to accept and keep the goods." That is the essence of the whole of the preceding statement, and it does accord with the law. The case of Garland v. Keeler, supra, recognizes this rule in connection with the actual satisfaction rule applied in that case. It is the law that, where satisfaction is contracted for the buyer cannot escape obligation by an arbitrary declaration that he is not satisfied. There must be honest dissatisfaction.

It is said that the court, in instructing or attempting to instruct upon the defendant's theory of the case, erroneously imposed as a condition of finding for the defendant that the jury should find that previous to the trial no terms had been agreed upon. It is pointed out that this is contrary to all of the evidence, and that the defendant was prejudiced by the requirement that the jury must so find a condition contrary to the undisputed facts before they could render a verdict for the defendant. We do not believe that a jury would so construe the clause in question. This

part of the instruction related to the defendant's theory as outlined in the answer—i. e., that he simply agreed to take the tractor and plows and give them a trial, and that he would become a purchaser if satisfied after trial. We are of the opinion that, under the instructions as a whole, the jury clearly would have found for the defendant had they believed his version of the transaction, and that no prejudicial error was committed in the instructions. We think the record discloses that a fair trial had been had, and that no prejudicial error was committed. It is therefore unnecessary to consider the other assignments of error raised on this appeal.

The judgment appealed from is affirmed.

ROBINSON and CHRISTIANSON, JJ., concur.

BRONSON, J., concurs in the result.

GRACE, C. J. (dissenting). The following is a part of the instructions:

"You are further instructed that, if you find from the evidence that a contract of sale for said tractor was made upon approval or on trial or on satisfaction, and that the purchase price agreed on was $1,025, and further find that said tractor was delivered to the defendant by the plaintiff, and that the defendant failed to return said tractor to the plaintiff, or to tender a return thereof within the time agreed upon, or within a reasonable time, if no time was agreed upon, then you should find for plaintiff on the first cause of action; and you are instructed that the question of what is a reasonable time is a question of fact for you to determine under all the facts and circumstances connected with this particular case."

"If from the evidence in this case you find that there was a contract of sale or a sale entered into between the plaintiff and defendant of the tractor and plows as claimed by plaintiff, and further find that said contract of sale was made upon approval or on trial or satisfaction, and further find that the plaintiff warranted said tractor and plows to do certain work, and that they failed after a fair trial to do such work, and did not fulfill the warranty, then the defendant would have the right to rescind the contract of sale or the sale; and if the tractor and plows had already been received by him to return them or offer to return them

to the seller and recover any portion or part of the purchase price, if he had paid the same."

"You are further instructed that, where an agreement is made whereby a party is to take goods on trial, and is to keep said goods and pay for the same only upon condition that they work satisfactorily to the buyer, the buyer cannot arbitrarily say that he is not satisfied with the goods, but there must be some actual breach of warranty in the property upon which the buyer bases his refusal to accept the goods, or his claim that the same are not satisfactory to him. In other words the buyer must act honestly in his refusal to accept and keep the goods."

In our opinion such instructions were erroneous and the giving of them was prejudicial reversible error. In this case there was no contract of warranty as that term is usually understood. If defendant's version of the contract be true—that the tractor and machinery purchased were to work to his satisfaction and to that of his hired man—then the contract was much broader than that of warranty. It was an entirely different contract and the law of warranty did not apply to it, hence, it was error in the court to have given the instructions on warranty, where the court gave the jury to understand it was the defendant's duty to return the tractor and plows or to offer to return them, after first having rescinded the contract. If the contract were as defendant claims, he was not required to return or offer to return or to rescind the contract if he were dissatisfied; all that was necessary for him to do was to inform defendant that he was not satisfied or that they were not satisfied.

There is sufficient evidence in the record to show that he did so inform plaintiff and also to show that the machinery did not do its work properly so that assuming the truth of defendant's testimony in this respect, there was a basis for his dissatisfaction. Under the instructions the defendant not having returned or offered to return the machinery, it is not improbable that this under the foregoing instructions was the turning point in the case and that on account of this the jury found in favor of plaintiff, whereas it is plain defendant was under no obligation to return or offer to return the property. The only instruction in this branch of the case proper to be given was that if the jury believed from the evidence that defendant was honestly dissatisfied with the tractor and plows, then the jury should find in his favor. The instructions as given was highly prejudicial and did not state the law applicable. Garland v. Keeler 15 N.D. 549, 108 N.W. 484; McCormick Harvesting Machine Co.

v. Chesrown 33 Minn. 32, 21 N.W. 846. In the latter case in the syllabus it is stated "If, upon such reasonable trial it does not work satisfactorily, it is not necessary for him to return it, (in the absence of an express agreement to that effect), but it is sufficient if within a reasonable time he notify the person furnishing it in substance that it does not work satisfactorily, and that he declines to accept it."

It is wholly immaterial whether plaintiff was making much or little profit in the transaction. The important question is: what was the contract? And in the circumstances of this case that was the question for the jury, under proper instructions by the court, which in this case the court wholly failed to give.