REEDY, Respondent, v. DAVIDSON, et al, Appellants.

(235 N. W. 710.)

(File No. 6932. Opinion filed March 30, 1931.)

*Case & Case*, of Watertown, for Appellant.

*Matthew J. Schmidt*, of Watertown, for Respondent.

WARREN, J.   Plaintiff brought this action against the defendant to recover for the (trade-in) value of an automobile pursuant to a contract in writing for the purchase of a new automobile at a specified price, and the (trade-in) value of an old automobile at a certain price.   The contract provided, among other things:

"The front and back of this order comprise the entire agreement effecting this purchase and no other agreement or understanding of any nature concerning same has been made or entered into or will be recognized. * * * It is further understood and agreed:   The price of the above car is subject to change by the manufacturer without notice, and the price effective on the day of delivery will govern, but I have the right to cancel this order if such changed price is not satisfactory to me."

The action was brought and tried in municipal court.   At the conclusion of the trial, the court made findings of fact and conclusions of law and judgment in favor of the plaintiff.   The court found that the plaintiff entered his order for a Hupmobile car with the usual equipment to be delivered after March 1, 1927, and that, at the time of entering his order, he turned over to the defendant a used Hupmobile roadster at a specified price, and that all of the transactions were fully complied with by the plaintiff.   The court also found that, since the time of the making of such contract for the purchase of said new car, the manufacturer of the said car did without notice change the price of the new car, and that, by reason of said change of price, the plaintiff elected to, and did, cancel the contract for the new car, and notified the defendant to that effect. Certain stipulations were contained in the contract that, if the defendant sold the (trade-in) automobile, the plaintiff should pay a certain commission for selling it and for certain materials and labor, if any, that had to be expended upon placing the trade in car for sale.   The court found that, after allowing the commission and the repairs for conditioning the second-hand automobile, there was

a balance due plaintiff of $178.25. Conclusions of law and a judg-ment were thereafter entered.

The real question at issue seems to be the construction of the following language used therein:

"The price of the above car is subject to change by the manu-facturer without notice, and price effective on the day of delivery will govern, but I have the right to cancel this order if such changed price is not satisfactory to me."

The appellant very strenuously insists that the court could not receive as evidence oral testimony leading up to the execution of the contract nor for the purpose of explaining the terms of the contract, and that the plaintiff was bound by the contract in writ-ing, regardless of oral conversations or understandings made be-fore or after the execution of the contract. The defendant was permitted over objections to testify as to the change of price of the new car. In one of those conversations the defendant inquired of the salesman as to the effect as to the change of the price of the car, and asked, "Supposing this price goes up, am I protected, and if it goes down, am I protected?" and to which the defendant salesman replied, "If it goes up you pay the difference, and if it goes down you get the benefit." The plaintiff testified that he was ready and willing to abide by the terms of the contract on March 1, 1927, provided the price was agreeable to him and the model; but that the price was not agreeable at that time, for the reason that he was not allowed the benefit of the drop. He also testified that a Mr. Corwin and Mr. Conway, both salesmen, had stated to him that there had been a drop in the price in the neigh-borhood of $100, and that in May, 1927, he was willing to take out the car provided the defendant gave him the benefit of the drop in price, and that he had also in addition to the talk with the representatives of the defendant, a talk with Mr. Davidson, one of the defendants, that there had been a drop in the price of the car; that the defendant refused to allow the plaintiff the benefit of the drop in price, and thereupon the plaintiff stated that he elected not to take the car.

This contract being between the original parties, parol evidence which does not tend to contradict the terms of a written instrument is admissible to show intent and meaning of the persons entering into the same, and is permissible when the court cannot

by construction determine the question from the paper creating the obligation.   Miller v. Way, 5 S. D. 468, 59 N. W. 467.

Much argument is devoted to the language of the contract, and especially to the words, "but I have the right to cancel this order if such changed price is not satisfactory to me."   We are forced to construe that "satisfactory" refers to the mental condition which will satisfy the purchaser, and that in this case the plaintiff had a complete right to exercise his choice completely without any persuasion or hindrance.   A contract for the sale of machinery warranted to perform "in a satisfactory manner" means satisfactory to the defendant.   Stutz v. Loyal-Hanna Coal & Coke Co., 131 Pa. 267, 18 A. 875.

"An agreement providing that an article to be furnished shall be 'satisfactory to the party' to whom it is to be supplied means that the party has reserved to himself an unqualified option, and is not willing to leave his freedom of choice to any contention or to be subject to any investigation whatever, and the party's own determination is final and conclusive."   Baltimore & O. R. Co. v. Brydon, 65 Md. 198, 611, 3 A. 306, 9 A. 126, 57 Am. Rep. 318.

The plaintiff's motive, mind, or mental attitude can not be questioned, as he is the sole judge and had the right to cancel his order if such changed price was not satisfactory to him.   The trial court found from the disputed evidence that the plaintiff exercised such a choice, and that it was exercised timely.   No one was in a better position to weigh the disputed evidence submitted than the trial court.   We are not in a position to say that the court's finding are not supported by the evidence.   In fact, the evidence submitted to the court upon appellant's record and respondent's amended record fully sustains the trial court's findings.   The issues of fact having been submitted to the trial court without a jury, it is presumed that the court disregarded all incompetent and immaterial evidence, and reached its decision upon properly admitted evidence.   A judgment will not be reversed on appeal from a trial had before the court, on exceptions to the admission of certain evidence remaining to support the findings after eliminating all objectionable evidence, as the presumption is that the trial court excluded the objectionable evidence from consideration in reaching its decision.   Squirer v. Mitchell, 32 S. D. 342, 143 N. W. 277.

■ ■ There is evidence to sustain the trial court that the price had actually been reduced, and, construing the contract to the effect that the plaintiff had a right to exercise his choice on account of the language used in the contract, "price is not satisfactory to me," we must hold that the court was warranted in making the findings, conclusion, and judgment which were made.

The appellant in his argument stated that only two questions were involved on appeal, to wit, the construction of Exhibit 1 and the right of plaintiff to vary the terms of the written contract by parol. Both of these questions having been considered and having been resolved in favor of the findings and conclusions made by the trial court and as contended for by the respondent, there is nothing further to be reviewed and considered.

The judgment and order appealed from are affirmed.

POLLEY, P. J., and ROBERTS, J., concur.

CAMPBELL, J., concurs in the affirmance.