## Solomon *v.* Ford, Appellant.

44

Argued October 13, 1932.

Before Trexler, P. J., Keller, Gawthrop, Cunningham, Baldrige, Stadtfeld and Parker, JJ.

*M. L. Casman,* and with him *James H. Young,* for appellant.

*Edward Unterberger,* for appellee.

OPINION BY STADTFELD, J., January 25, 1933:

This is an appeal by defendant from judgment entered on a verdict for plaintiff in an action of assumpsit brought in the municipal court.

The action is based on a written contract, copy whereof is attached to plaintiff's statement, under which plaintiff agreed to furnish and supply the labor necessary to clean the entire exterior walls, from roof to ground floor inclusive, to be washed by acid process, of the property situate at the corner of 13th and Arch Streets, Philadelphia, for which defendant agreed to pay plaintiff $450 "upon completion of job and approval of owner." The statement avers performance of the work specified but "that the approval of the owner was arbitrarily withheld."

The case was submitted to the jury which found in favor of plaintiff. A motion ex parte defendant for new trial was made, but dismissed by the court "for want of prosecution." The assignments of error relate to the dismissal of this motion, as also to overruling offers of evidence on part of a certain witness, and to the charge of the court.

The first assignment covers the dismissal of the motion for new trial "for want of prosecution." Rule 37 of the municipal court, quoted in the opinion of the lower court is as follows: "37 (a) All motions for new trials, for judgments non obstante veredicto, to take off non-suits, and in arrest of judgment, shall be filed within four days after the verdict, finding of the court or non-suit, and a copy thereof given to the trial judge and served upon the adverse party.

(b) It shall be the duty of the party, in support of such a motion, to file with the clerk within six days after his motion, unless the trial judge extends the time for filing, three briefs in the form prescribed by Rule 38; one for each of the judges assigned to hear such motions, and to serve on the adverse party, or his attorney of record, a copy of the said brief with-

in twenty-four hours thereafter. The party against whom any such motion is filed, shall file with the clerk within four days after service of the copy of his opponent's brief, three copies of his brief contra said motion, and shall likewise serve a copy of the same on the adverse party, or his counsel of record. Upon failure to file briefs in accordance with this rule, the clerk shall upon written order of either party mark the motion dismissed for want of prosecution unless an extension of time has been granted by the trial judge.''

The motion for new trial was made on June 18, 1932. It was dismissed by the court on June 29, 1932. It was stated at bar by appellant's counsel at the time of argument, and not contradicted by appellee, that appellant's counsel received the notes of testimony on June 22, 1932 from the court stenographer, and there being insufficient time for the preparation of briefs in support of his motion, endeavored to obtain an extension of time to July 3rd by presentation of motion at the judge's chambers. The judge being absent, appellant's counsel then procured consent of counsel for plaintiff to such extension. It does not appear that the court's attention was called to this consent, but the court, without any order of plaintiff's counsel, on June 29th, dismissed the motion for new trial. While ordinarily the trial court is the best exponent of its own rules and this court will not reverse the construction by a lower court of its own rules, the order dismissing the motion for new trial was not pursuant to the rule. No doubt, had the court's attention been called to the consent of plaintiff's counsel to the extension of time the order dismissing the motion would not have been made.

The second assignment of error relates to the refusal of the trial judge to permit the witness Mortimer A. Webb, Jr., a witness ex parte defendant, to testify. Upon request by plaintiff's counsel for an offer, de-

fendant's counsel made the following offer: "I offer to próve that the witness represented the owner and asked him whether he did or did not approve the job as made by the plaintiff and if so, whether there was any motive behind it other than——" By the Court: "Who is the owner"? By Mr. Casman, defendant's attorney: "We will have that from the witness." By the Court: "Who is the owner according to your offer of proof?" By Mr. Casman,—"Under a trust estate under which the Liberty Title and Trust Company is the trustee for the property." The Court: "That does not make them the owner. Who is the owner." Mr. Casman: "I don't know." The Court: "You mean you cannot include in your offer who the owner is?" Mr. Casman: "No, sir, not until ......" The Court: "Very well. As the offer is made, it is declined and an exception is noted for the defendant unless and until you include in the offer who the owner is." Mr. Casman: "There is no one to say who is the owner." The Court: "I will give you the benefit of an exception. The contract specifically says, 'Approval of owner.' If anybody knows who the owner is, that is another proposition." Mr. Casman: "The witness does and he will tell us."

We are of the opinion that the testimony of the witness should have been received. The offer was to prove the very matter in controversy. In reply to the question by the court "Who is the owner according to your offer of proof?" counsel for defendant replied, "Under a trust estate under which the Liberty Title and Trust Company is the trustee for the property ......" It is fair to assume from this statement that the legal title was in the trust company. The witness was employed in the Liberty Title and Trust Company and represented the owners. The testimony, if admitted would no doubt have cleared up the entire situation. Neither parties nor counsel should be impaled

on such highly technical distinctions as were attempted to be made in this case.

Moreover, the burden was on the plaintiff to establish by the weight of the evidence that the work was done to the satisfaction of the owner. As stated in McNally v. Jenkinson, 35 Pa. Superior Ct. 288, 292, ...... "the legal interpretation of the contract is, that the defendant was to be satisfied with the work as completed, and not the plaintiff, the plumber, or other witnesses. Not the jury, as was held in Adams Radiator and Boiler Works v. Schnader, 155 Pa. 394," and as stated in the same case, p. 291, "the objection must not be made from mere caprice, and without reason for the mere purpose of avoiding liability, but when the plaintiff agreed that he was to do the work to the satisfaction of the defendant, and that he was not to be paid for it until it was satisfactory to him, he submitted that question to the defendant's judgment. Howard v. Smedley, 140 Pa. 81. ...... There is no middle ground." To same effect, Campbell C. and C. Co., v. Penna. R. R. Co., 293 Pa. 243; Lippincott v. Warren Apt. Co., 307 Pa. 320.

We do not think that the plaintiff met the burden placed on him. The only testimony in relation to performance of the contract in manner required was that of plaintiff and his foreman, Bruno Christensen. Plaintiff's testimony was as follows: "Q. From your experience in the house cleaning business, could you say as to whether or not the job was such as should have been approved by the owner under the terms of the contract? A. Yes, sir." Christensen testified, "Q. Through your experience in cleaning buildings, could you state as to whether any person would have any reasonable right to refuse to accept that building as a good job? A. I don't think so to my opinion." We do not think that this testimony was sufficient, under the authorities referred to, to shift the burden on the defendant.

The third assignment of error relates to the charge of the court, in that "the trial judge erred and prejudiced the jury by bringing up questions of the plaintiff's signature to and ink written portions in a written contract which was sued upon and offered in evidence by the plaintiff." A copy of the contract was attached to plaintiff's statement and had been offered in evidence by plaintiff; notwithstanding this, the trial judge, KNOWLES, J., in referring to this contract, said: "The customer (defendant) agreed to pay to the company (plaintiff) for the services above mentioned, the sum of four hundred fifty dollars upon completion of the job," and in handwriting, "and approval of owner"—Is there any evidence that was ever accepted by the plaintiff" ...... "It is signed by the defendant —Adelphia Spray Painting Company, C. H. Ford,— but as far as I heard the evidence, there has been no evidence the plaintiff ever executed it." This remark was entirely uncalled for as, under the pleadings, the execution of the contract was not denied. This was highly prejudicial to defendant.

We do not think that the plaintiff met the burden of proof, or that defendant had an opportunity to present his defense.

The assignments of error are sustained, the judgment reversed and a new trial awarded.