ANDERSON, Respondent v. SHEEHAN-BARTLING, INC., Appellant

(105 N.W.2d 201)

(File No. 9763. Opinion filed October 4, 1960)

**John E. Burke** and **Acie W. Matthews**, Sioux Falls, for Defendant and Appellant.

**Woods, Fuller, Shultz & Smith**, Sioux Falls, for Plaintiff and Respondent.

ROBERTS, P. J.   The contract entered into between plaintiff Alton G. Anderson and defendant Sheehan-Bartling, Inc., was in the form of a written order executed by plaintiff and accepted by the defendant. The order for two motor scrapers described as Michigan Models 110 was prepared on July 7, 1958, but not then executed. Payment was to be made by the acceptance of two scrapers owned by the plaintiff at the agreed value of $9,500 and by the delivery of bankable paper for the balance.

Plaintiff and a salesman for defendant company went to Benton Harbor, Michigan, where plaintiff at the factory inspected and operated a Michigan Model 110. On their return they were met at the airport in Sioux Falls by Art Bartling, vice president of the defendant company, and there was discussion with reference to the signing of the purchase order. The words "These machines must prove satisfactory for 10 days" were inserted in the order. The date of the

order was changed to July 16, 1958, and it was then signed by plaintiff. On August 1, 1958, delivery of the new machines was made to the plaintiff at a place near Oldham, South Dakota, by a trucking firm in Sioux Falls on two low-boys and to avoid the additional expense of returning for the trade-ins they were loaded and taken to defendant's place of business. It was agreed that the trade-ins would not be sold or leased until plaintiff within the terms of the contract indicated his satisfaction.

Plaintiff instituted this action to recover the value of the trade-ins alleging that defendant converted such property on its own use. Defendant counterclaimed seeking to recover $45,882.28, the balance of the purchase price of the two Michigan Model 110 scrapers. The case was submitted to the jury which found for the plaintiff.

Counsel for defendant assert that the questions presented by the assignments of error are:

"1. Did the phrase in the contract that 'These machines must prove satisfactory for 10 days, mean that they must be satisfactory to the respondent and that the respondent had the sole and arbitrary right to determine if they were satisfactory, or does it mean that the machines must be satisfactory for the purposes intended as determined by the reasonable man standard?"

"2. Is the respondent estopped from now claiming that he had the sole and arbitrary right to determine and declare the machines to be unsatisfactory?"

The term "satisfactory" in contracts containing provisions of the character under consideration, without designating the person, as stated by this Court in Janssen v. Muller, 38 S.D. 611, 162 N.W. 393, and Reedy v. Davidson, 58 S.D. 274, 235 N.W. 710, means satisfactory to the promisor or purchaser. To the same effect are Manning v. School District, 124 Wis. 84, 102 N.W. 356; Campbell Printing-Press Co. v. Thorp, C.C., 36 F. 414, 1 L.R.A. 645; Singerly

v. Thayer, 108 Pa. 291, 2 A. 230; Soloman v. Ford, 108 Pa. Super. 43, 164 A. 92; Williams v. Hirshorn, 91 N.J.L. 419, 103 A. 23. In Campbell Printing-Press Co. v. Thorp, the Court said [36 F. 418]: "When, in common language, we speak of making a thing satisfactory, we mean it shall be satisfactory to the person to whom we furnish it. It would be nonsense to say that it should be satisfactory to the vendor. It would be indefinite to say that it should be satisfactory to a third person, without designating the person. It can only be intended that it shall be satisfactory to the person who is himself interested in its satisfactory operation, and that is the vendee." This construction is particularly applicable where as in the instant case the promisor or purchaser insisted on use of the term in the contract. Peck-Williamson Heating & Ventilating Co. v. McKnight & Merz, 140 Tenn. 563, 205 S.W. 419.

These contracts for performance to the satisfaction of a party are ordinarily divided into two classes: (1) Where the fancy, taste, sensibility, or judgment of the promisor are involved; and (2) where the question is merely one of operative fitness or mechanical utility. 17 C.J.S. Contracts § 495a.

In Reedy v. Davidson, supra, [58 S.D. 274, 235 N.W. 711] this court considered a contract giving the buyer the right to cancel an order for purchase of an automobile if "changed price is not satisfactory" to him. This came within the first class of contracts above referred to. Hence the rule that where fancy, taste or judgment is involved, the promisor is the sole judge of his satisfaction applied without regard to the reasonableness of his decision. 17 C.J.S. Contracts § 495b. It is contended by defendant that under a contract such as we have in this case involving operative or mechanical fitness it is contemplated that performance shall be satisfactory or acceptable to the reasonable man. The decisions are not in complete accord, but by the weight of authority it is held that the same rule applies where operative fitness or mechanical utility is involved. 77 C.J.S. Sales § 196; Wood Reaping & Mowing Machine Co. v. Smith, 50 Mich. 565, 15 N.W. 906, 45 Am.Rep. 57; McCormick Harvesting-Machine

Co. v. Chesrown, 33 Minn. 32, 21 N.W. 846; Inman Mfg. Co. v. American Cereal Co., 124 Iowa 737, 100 N.W. 860; Exhaust Ventilator Co. v. Chicago, M. & St. P. Ry. Co., 66 Wis. 218, 28 N.W. 343, 57 Am.Rep. 257; Goodrich v. Van Nortwick, 43 Ill. 445; Campbell Printing Press Co. v. Thorp, C.C., 36 F. 414, 1 L.R.A. 645; Tiffany v. Pacific Sewer Pipe Co., 180 Cal. 700, 182 P. 428, 6 A.L.R. 1493; Seeley v. Welles, 120 Pa. 69, 13 A. 736. In Inman Mfg. Co. v. American Cereal Co., supra, involving the purchase of machines which were to meet the full satisfaction of the purchaser, the following statement is pertinent [124 Iowa 737, 100 N.W. 861]: "The plaintiff [the vendor] did not undertake to make and install machines which the defendant [the vendee] ought in reason to be satisfied with, and therefore ought to pay for, but he [the vendor] undertook to furnish machines which the defendant [vendee] would be satisfied with, and by this contract he is bound, provided only that the defendant [vendee] acted in good faith, and was honestly dissatisfied. This much and no more the law requires of the contemplated purchaser, and if his dissatisfaction is in good faith, it matters not whether it be reasonable, or unreasonable for the law will not make contracts for persons sui juris."

■ The law regards parties competent to contract as they see fit as to the satisfactory character of an article furnished and they assume the obligations and hazards of rendering performance according to the terms of their contract. Hall v. Webb, 66 Cal.App. 416, 226 P. 403; Shepherd v. Union Central Life Ins. Co., 5 Cir., 74 F.2d 180. Professor Williston, in his treatise on Contracts, Rev.Ed.. § 675A, speaking of decisions applying the standard of the reasonable man, states: "This is an arbitrary refusal by the court to enforce the contract that the parties made and seems unwarranted. Moreover, it involves a distinction that is almost impossible to make between contracts involving personal taste and those which do not." If there was no bad faith and plaintiff was honestly dissatisfied, his determination was conclusive. It was not enough to show that he should have been satisfied and that his dissatisfaction was without reason.

The cases of Richison v. Mead, 11 S.D. 639, 80 N.W. 131, and Janssen v. Muller, 38 S.D. 611, 162 N.W. 393, are distinguishable. These were actions brought to recover upon contracts for the drilling of artesian wells. The improvement in each case became a part of the freehold and could not be severed. They were not merely executory contracts of sale, but executed contracts under which materials had been furnished and work done. Under such facts and circumstances, it was never intended that the landowner retaining the fruits of the other's labor could determine for himself whether he was satisfied. As said by the court in Hawkins v. Graham, 149 Mass. 284, 21 N.E. 312, 313: "when the consideration furnished is of such a nature that its value will be lost to the plaintiff either wholly or in part unless paid for, a just hesitation must be felt, and clear language required, before deciding that payment is left to the will, or even to the idiosyncrasies, of the interested party. In doubtful cases courts have been inclined to construe agreements of this class as agreements to do the thing in such a way as reasonably ought to satisfy the defendant." That reasoning does not apply where there is an intention clearly expressed as in the instant case to make the satisfaction of the buyer of machines or articles of manufacture which could be rejected the test.

■ Defendant contends that plaintiff having testified as to reasons for his dissatisfaction is estopped from claiming that the right of decision as to satisfaction was under the terms of the contract reserved in him. Plaintiff was entitled to try out the machines before reaching a decision. He testified that Art Bartling and a mechanic employed by the defendant company came to the job site where plaintiff was trying out the machines; that they agreed that "the machines were not working satisfactorily"; and that Mr. Bartling promised to return the scrapers that plaintiff had delivered to him. The testimony of the plaintiff on which defendant particularly relies and elicited on cross-examination was to the effect that the machines failed to work properly, especially so in slough areas, and that he would not have told the vendor to take them back if the machines worked properly.

The trial court had prior to examination of the plaintiff reserved its ruling and it was not until introduction of evidence by the defendant did the court rule that the question whether the machines were satisfactory was. for the sole determination of plaintiff buyer. The record clearly does not sustain counsel's contention that the right of rejection under the contract was lost by a change of position constituting a waiver or estoppel and that therefore the court submitted the case to the jury on an erroneous theory.

The judgment appealed from is affirmed.

HANSON and BIEGELMEIER, JJ., concur.

SMITH and RENTTO, JJ., dissent.

RENTTO, J. (dissenting).

I accept as a correct rule of law in this case the statement of the majority that "If there was no bad faith and plaintiff was honestly dissatisfied, his determination was conclusive." That is another way of saying that "It is the fact of actual dissatisfaction that relieves him from paying for the article, and not the fact that he says that he is dissatisfied." Garland v. Keeler, 15 N.D. 548, 108 N.W. 484, 485. However, it seems to me that the manner in which this case was tried does violence to that principle of law. Consequently, I dissent.

While the purchaser did not specifically plead his dissatisfaction the trial court treated the pleadings as raising this issue. It could not have been otherwise because under his evidence he had no other cause for complaint. With his dissatisfaction being an issue so too was its good faith. Wetter Bros. v. Otto, 179 Iowa 873, 162 N.W. 12. On this issue the purchaser need not establish his good faith. Rather, it is the burden of the seller to establish that the expressed dissatisfaction was in bad faith. Inman Mfg. Co. v. American Cereal Co., 133 Iowa 71, 110 N.W. 287, 8 L.R.A., N.S., 1140; Ard Dr. Pepper Bottling Co. v. Dr. Pepper Co., 5 Cir., 202 F2d. 372.

On the trial plaintiff in putting in his case testified as as to the basis for his dissatisfaction. In so doing he described

the performance of the machines on occasions when he used them in his operation. Defendant also introduced testimony as to some of these incidents which in several respects contradicted the evidence of the plaintiff. It seems to me that the good faith and honesty of plaintiff's dissatisfaction under this record presented a jury question. These are matters largely in the field of inferences to be drawn from the evidence and I feel that in this case differing inferences could reasonably be drawn.

In submitting the case the trial court in its Instruction 3 told the jury:

"* * * that under the provisions of the agreement for the purchase of the Michigan Model 110 Scrapers wherein it was stated, 'These machines must prove satisfactory for ten days,' means that the plaintiff, being the purchaser, must be satisfied with the scrapers sold to him and that under the holding of our Supreme Court in Reedy vs. Davidson, 58 South Dakota Reports, Page 274 at Page 277 [235 N.W. 710, at page 711], wherein it is stated, 'An agreement providing that an article to be furnished shall be satisfactory to the party to whom it is to be supplied means that the party has reserved to himself an unqualified option, and is not willing to leave his freedom of choice to any contention or to be subject to any investigation whatever, and the party's own determination is final and conclusive,' and means that the plaintiff, claiming that he is not satisfied, is entitled to have his machines returned to him and to have the agreement cancelled."

The giving of this instruction is assigned and urged as error on this appeal. While appellant's brief does not discuss this assignment with any degree of precision, I do not feel that such failure constitutes a waiver of the objection.

On the settlement of the instructions defendant excepted to this one for several reasons, some of which were without merit. However, it did include the ground that plaintiff's dissatisfaction "could not be an arbitrary statement on his

part made simply for the purpose of avoiding liability under the contract." See Olson v. Larson, 48 N.D. 499, 184 N.W. 984. The trial record reveals numerous occasions on which this contention of the defendant, that the dissatisfaction had to be in good faith, was pointed out to the trial court. The fact that it was commingled with the erroneous claim that the question of satisfaction must be determined by the reasonable man standard, does not drain it of vitality. See State Highway Commission v. Fortune, 77 S.D. 302, 91 N.W.2d 675. I believe the trial court was fairly advised by the defendant's exception as to the particulars in which it thought that this instruction was insufficient and did not state he law.

On the question of the good faith of the purchaser's dissatisfaction in cases involving this provision in contracts there seems to be a difference in the rule applied depending on whether the contract involves a question of individual taste or sentiment rather than utility. 17 C.J.S. Contracts § 495d; 46 Am.Jur., Sales, § 500; 12 Am.Jur., Contracts, § 341. In cases where the contract falls into the first category the good faith of the expressed dissatisfaction cannot be inquired into. The Reedy case was of this type. However, in cases of contracts of the second category this matter is open to investigation. See also the principal authority of the Reedy case, Baltimore & O. R. Co. v. Brydon, 65 Md. 198, 3 A. 306, The present case is of this class. Accordingly, I feel that Instruction 3 was improper and prejudicial to the defendant.

I would reverse.